### RAMSEY v. CARHART.

Quo Warranto—*Will not issue on the relation of private person.*—The writ of *quo warranto* will only issue on the relation of the Attorney General, in the name of the State, in cases where the whole community are interested, and will not be granted at the instance of an individual for the determination of a *private right*.

### PETITION FOR QUO WARRANTO.

*Watkins & Rose*, for Petitioner.

As to the objection that the writ of *quo warranto* can only be brought on the relation of the Attorney General, and not on the relation of any other person, we submit:

That the amendment of the law by *Sec.* 525, of the Code, was merely the adoption of the English statute of 9 *Anne*, *ch.* 20.

The Code proceeding is only the *quo warranto*, of the common law, codified, and it does not lie in the Code to impair the jurisdiction of this court, by prescribing new forms, though the Code or any other statute, may prescribe the manner of proceeding in any of the courts. *State vs. Graham*, 1 *Ark.*, 428; *Anthony, ex-parte*, 5 *Id.* 358; *Miller v. Heard, Id* 75.

*Montgomery & Warwick*, for Defendant.

McCLURE, C. J.—The only question presented, by this case, is, whether a *quo warranto* will issue on the relation of a private person? It was held, in the *State vs. Ashley*, 1 *Ark.*, 279; in *Caldwell vs. Bell & Graham*, 6 *Ark.*, 227, and the *State vs. Williams*, that the writ of *quo warranto* would only issue on the relation of the Attorney General, in the name of the State, in cases where the whole community are interested, and would not be granted at the instance of an individual for the determination of a *private right*.

The counsel for the appellant ask: " Will any one say that the jurisdiction of this court depends upon the breath of the Attorney General?" and in response to the question, says, " God forbid." In response to the query propounded by counsel, this court takes occasion to say, that the jurisdiction of this court is derived from and regulated by the Constitution of the State, but it is for the Attorney General to see whether the offices or franchises of the State have been usurped; he is the law officer of the government, and is presumed to discharge his duty. The office, in controversy, is one created by the Constitution; it is a grant of power by the people; the Attorney General is their highest law officer, and so long as the " people" do not complain, through him, of usurpation of an office or franchise, it is but fair to presume that no usurpation has taken place. It may be asked, if this be true, how can one, entitled to an office, get possession of it, if *quo warranto* is denied, or the Attorney General refuses to discharge his sworn duty? *Section* 525, of the Civil Code, declares that, " Whenever a person usurps an office to which he is not entitled by law, an action, by proceedings at law, may be instituted against him, either by the State, *or the party entitled to the office*." This section furnishes the complainant, in this case, with a full and perfect remedy to assert and maintain his right to the office he claims, and neither the neglect of the Attorney General, nor a denial of jurisdiction in this court, in any manner, interferes with his remedy.

Quo warranto was invented, originally, *not* to determine

which of two persons were entitled to an office, but to require the incumbent to show by what authority he was exercising or attempting to exercise the duties of an office, created by sovereign authority. The issue was between the *State and the person in office;* and not between two persons who claimed the right to exercise its duties. In short, quo warranto is the writ of the *State* and only issues at the instance of the State. It was not, nor is it now designed or used as a remedy, at law, by which *individuals* may contest the right to an office. The Legislature has provided a separate remedy for the determination of such a question, and the parties must seek the remedies provided for them, instead of one provided for the *State.*

The writ is denied and the cause ordered to be stricken from the docket.

GREGG, J., dissenting.

*W. J. Thompson* and *Watkins & Rose*, for Petitioner.
*Montgomery & Warwick*, for Defendant.