WILLIAM H. STEPHENSON v. O. P. BASSETT.

PROMISSORY NOTES FOR LAND.—A suit was brought on two of three promissory notes given for land; the third, though not due, was set out in the petition for the purpose of enabling the court to apportion the proceeds of sale under a foreclosure of the vendor's lien, which was sought, and to have retained a sufficient amount for the third note, "when the same shall become due and your petitioner can obtain a judgment thereon." Before trial the third note became due, and judgment was rendered for the amount due in all three of the notes, though the petition asked for judgment only on the two notes first sued on : *Held*, Error, it being a judgment on a case not made by the pleading.

APPEAL from Bell.    Tried below before the Hon. L. C. Alexander.

The opinion states the case.

*James D. McConnell*, for appellant.

*X. B. Saunders*, for appellee.

BONNER, ASSOCIATE JUSTICE. — The petition in this case declared upon the first two of three promissory notes given for the purchase-money of land, and to foreclose the vendor's lien thereon. The third note, which was not due at the commencement of the suit, was also set out, but only for the purpose of a proper application of the proceeds of the sale of the land under the judgment sought.

The pleadings contain a prayer for judgment upon the first two notes only.

Before final judgment the third note became due also; but there was no amendment to the pleadings or further prayer than as above stated.

The court rendered judgment for the plaintiff on all three of the notes, from which this appeal is taken.

Possibly no injustice in fact may have been done the defendant, but, under the rules of pleading and practice, we

cannot sanction such a departure from long-established principles of legal procedure, as to authorize a judgment upon a case not made by the pleadings, and as to which the defendant has not had his day in court. (Mims v. Mitchell, 1 Tex., 443; Hall v. Jackson, 3 Tex., 309; Culbertson v. Cabeen, 29 Tex., 254.)

The cause was submitted to the presiding judge without the intervention of a jury; and in justice to him, it is proper to say that his attention seems not to have been called to the error, either by objection to the testimony, by the motion for new trial, or otherwise directly.

The error, however, is so fundamental in its character that we cannot presume that the defendant impliedly waived it.

The judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.