D. COOPER V. P. F. CONERTY ET AL.

No. 3162.

**Judgment Must Conform to Pleadings.**—Cooper sued Conerty and the city of Dallas to set aside a tax deed made by the city tax collector to Conerty for three city lots alleged to have been illegally sold for a street assessment. Plaintiff tendered to the city $210 alleged to be the taxes due the city. Conerty asked judgment against the city for the amount of his expenditure in the purchase. Exceptions by the city were sustained both to the petition and Conerty's cross-bill. Judgment was rendered on the trial dismissing as to the city and for plaintiff for the lots, and "that the sum of $204 deposited and tendered into court by the plaintiff be paid to the defendant Conerty in discharge and full satisfaction of the claim of Conerty on the paving tax heretofore existing against said lots." On appeal, *held*, that the order as to the disposition of the money was error. The money was not tendered to Conerty, but to the city. The judgment in this respect was violative of the fundamental principle that the judgment must conform to the pleadings.

ERROR from Dallas. Tried below before Hon. CHAS. FRED. TUCKER. The opinion states the case.

*George H. Plowman*, for plaintiff in error.—The court erred in ordering as follows, "That the sum of $204 deposited and tendered into court by plaintiff D. Cooper to defendant P. F. Conerty be paid to said defendant P. F. Conerty in discharge and full satisfaction of the alleged claim of P. F. Conerty and the paving tax heretofore existing against said lots;" for that the record and plaintiff's pleadings show that no deposit or tender in court was made to P. F. Conerty, and said deposit and tender had only been made to the defendant city of Dallas, and that defendant Conerty in his answer did not claim any money from plaintiff and plaintiff never admitted any liability to defendant Conerty; and for that said order of court was not predicated upon any pleadings; and proof, if any, without allegation could not be made the basis of said decree; the plaintiff in error was entitled to his said deposit and amount tendered the city of Dallas upon the dismissal of plaintiff's suit as to said city of Dallas, and the said order of court was coram non judice, and void. Mims v. Mitchell, 1 Texas, 443; Hall v. Jackson, 3 Texas, 305; Menard v. Sydnor, 29 Texas, 257; Walker v. Lewis, 49 Texas, 123; Stephenson v. Bassett, 51 Texas, 544; Adams v. Cook, 55 Texas, 161; Throckmorton v. Davenport, 55 Texas, 236; Frazier v. Woodward, 61 Texas, 449; Middlebrook v. Zapp, 73 Texas, 31.

*U. F. Short*, for defendants in error.—The plaintiff's assignment of error in which he complains of the action of the court in directing the sum of $204 deposited by plaintiff to be paid to defendant Conerty is answered by the propositions:

1.   That it was on the proposed payment of said sum that plaintiff sought relief.   Conerty having paid the taxes due from plaintiff to the city of Dallas to said city, was, upon the cancelling of the deed from the city to him, equitably entitled to the sum deposited for the city by plaintiff.

2.   That said judgment having been rendered for plaintiff on the terms the same was asked by him in his petition, and no exception having been taken to it at the time at which it was rendered, the same can not now be revised.

TARLTON, JUDGE, *Section B.*—This suit was brought September 14, 1888, in the District Court of Dallas County, by D. Cooper, plaintiff in error, against P. F. Conerty and the city of Dallas, defendants in error, to cancel a certain tax deed executed by the tax collector of the city of Dallas, purporting to convey to Conerty certain property of plaintiff.

The petition, after averring the ownership in plaintiff of the property in question, consisting of three lots in the city of Dallas, charged that the city, under a void ordinance, had levied a pavement tax of $6.62 per foot front on the property of plaintiff and other owners; that after the levy, plaintiff and others prayed for a reduction by the city of the tax to $4.08 per foot front; that the petition was granted on the condition that the petitioners would within thirty days from March 23, 1886, pay the tax at the reduced rate, amounting to $102 against each lot; that plaintiff, April 2, 1886, paid to J. C. Bogel, city collector, $102, the sum due on one of the lots, and that within the thirty days mentioned he tendered the balance of the demand, $204, to J. F. House, the collector succeeding Bogel; that House refused to accept the amount tendered, and proceeded, November 18, 1886, to advertise and thereafter to sell at tax sale two of the lots to defendant Conerty, and to execute to him the deed of conveyance sought to be cancelled; that the ordinance under which the levy was made, the sale, and the deed are void.   Plaintiff prayed for judgment cancelling the deed executed by House, tax collector.   He tendered into court the sum of $210 to be paid to the city of Dallas, and prayed that the city be compelled to accept it in full satisfaction of the pavement tax due.

The city answered by general demurrer, general denial, and plea of not guilty.

Defendant Conerty answered, alleging the validity of the sale under which he purchased, and that he paid for the two lots bought by him the sum of $375.   He by cross-bill impleaded the city, alleging that if payment, as averred by plaintiff, was made to the collector Bogel, defendant had no knowledge of it, and that the city concealed the fact from him.   He prayed that if the deed should be held invalid, he have judgment against the city for the amount paid by him.

The city demurred to the cross-bill of defendant Conerty and filed a general denial thereto.

The court, on June 10, 1890, rendered judgment sustaining all the exceptions of the city; holding that it was improperly joined in the suit, dismissing the suit as to the city, and decreeing that plaintiff and defendant take nothing against the city, and that it go hence without day and recover its costs. The court further adjudged, that the deed to Conerty be cancelled and annulled; quieting the title of the plaintiff Cooper, with all costs against Conerty in favor of Cooper. It also ordered, *"that the sum of $204, deposited and tendered into court by plaintiff D. Cooper to defendant P. F. Conerty, be paid to said defendant P. F. Conerty* in discharge and full satisfaction of the claim of P. F. Conerty and the paving tax heretofore existing against said lots."

From this judgment this writ of error is prosecuted. Before, however, suing out this process, plaintiff in error, on December 17, 1890, several months after the rendition of the judgment, and evidently after the adjournment of the court for the term at which the judgment was rendered, filed his motion, which was overruled, complaining of the action of the court in ordering the $210 in question to be paid to Conerty; alleging that Conerty had presented to the council of the city of Dallas his claim for the money expended by him at the tax sale, and that the council had approved the claim and ordered it to be paid. The motion concluded with a prayer that the clerk of the District Court of Dallas County be ordered to pay to plaintiff in error the money on deposit.

Several assignments of error are presented, but of these we deem it necessary or useful to consider only one. In this it is urged, that the court erred in ordering "that the sum of $204 deposited and tendered into court by plaintiff D. Cooper to defendant P. F. Conerty be paid to said defendant P. F. Conerty in discharge and full satisfaction of the alleged claim of P. F. Conerty and the paving tax heretofore existing against said lots."

It will be noted that this recital in the judgment of the fact that the money in question was tendered by the plaintiff Cooper to the defendant Conerty to be paid to the latter is not borne out by the record, but contradicts the purport and terms of the petition, in which the tender of payment was restricted to the city of Dallas. The demurrer of the city to the petition containing this tender had been sustained by the court. The plaintiff admitted no liability to the defendant Conerty; none was alleged by the latter to exist against the plaintiff, and no prayer whatever for any relief on a demand for money presented by Conerty against Cooper. The demurrer had been sustained to the complaint made by Conerty against the city on account of the money by him expended at the tax sale. The judgment in the respect complained of was not authorized. It was violative of the fundamental principle

that the judgment must conform to the pleadings. Mims v. Mitchell, 1 Texas, 443; Hall v. Jackson, 3 Texas, 305; Menard v. Sydnor, 29 Texas, 257; Walker v. Lewis, 49 Texas, 123; Stephenson v. Bassett, 51 Texas, 544; Throckmorton v. Davenport, 55 Texas, 236; Frazier v. Woodward, 61 Texas, 449; Middlebrook v. Zapp, 73 Texas, 31.

We therefore recommend that the judgment be reversed and here reformed and rendered, ordering the payment of the money deposited in the registry of the District Court of Dallas County to be paid to the plaintiff in error Cooper; the judgment in all other respects to remain unchanged.

*Reversed and rendered.*