Gordon L. CUMMINGS, Individually, and Patrons
of the FAYETTEVILLE SCHOOL DISTRICT NO. 1,
upon the Relation of Gordon L. CUMMINGS *v.* The
WASHINGTON COUNTY ELECTION COMMISSION;
Linda OXFORD, Intervenor

86-155 724 S.W.2d 486

Supreme Court of Arkansas
Opinion delivered March 2, 1987

*Rudy Moore, Jr.*, for appellants.

No brief for appellee.

*Niblock Law Firm*, by: *Walter R. Niblock*, for Fayetteville School District No. 1, as amicus curiae.

*Hall, Wright & Morris, P.A.*, by: *David E. Morris*, for intervenor.

STEELE HAYS, Justice. Mrs. Linda Oxford, appellee, sought to qualify as a candidate for the school board of Fayetteville School District No. 1. Because she did not reside in the district, her eligibility was challenged. When the Washington County Election Commission, appellee, ruled in favor of Mrs. Oxford, Gordon L. Cummings, individually and on behalf of other patrons of the district, filed suit to declare Mrs. Oxford ineligible and for a writ of mandamus to the election commission to remove her name from the ballot. Mrs. Oxford intervened.

The circuit court denied the petition and refused to issue a writ of mandamus, reasoning that because Act 822 of 1983 (Ark. Stat. Ann. § 80-1568 [Repl. 1980]) gave Mrs. Oxford the right to choose whether her children would attend Springdale or Fayetteville schools, she was "not clearly ineligible" to hold the office. Gordon Cummings has appealed.

While the case was pending the election was held and Mrs. Oxford's opponent was elected,[1] rendering the issue of Mrs. Oxford's eligibility moot. The parties urge us to treat the case as an exception to the rule that we do not render advisory opinions where a genuine controversy does not exist. We have recognized an exception where the public interest is involved and the issue is such that it tends to become moot before it can be fully litigated. *Robinson* v. *Arkansas State Game & Fish Commission*, 263 Ark. 462, 565 S.W.2d 433 (1978); *Dotson* v. *Ritchie*, 211 Ark. 789, 202 S.W.2d 603 (1947). We believe that course is appropriate here.

The facts are not disputed. Mrs. Oxford and her husband own 11.57 acres of land lying partly in Springdale School District

---

[1] By a vote of 2,278 to 1,688.

No. 50 and partly in Fayetteville School District No. 1. The larger portion, 7.2 acres and the house, are in the Springdale district, while 4.55 acres are in the Fayetteville district. Mrs. Oxford's children originally attended schools in the Springdale district, but after the passage of Act 822, they attended school in the Fayetteville district. Mrs. Oxford had voted in Springdale but changed her registration to become an elector in the Fayetteville district.

Two acts of the legislature pertain to the issue of Mrs. Oxford's eligibility. Act 30 of 1935 (Ark. Stat. Ann. § 80-504 [Repl. 1980]) provides that a school director shall be a bona fide resident and qualified elector of the school district she serves. Act 822 provides that when any person owns a tract of land partially in one school district and partially in another, such persons may choose which district their children will attend, regardless of the location of the home on such lands.

We have long followed the common law maxim that statutes on the same subject will be construed together and reconciled to effect the legislative intent. We are required to give effect to both enactments unless it is impossible to do so. *Ragland v. Yeargin,* 288 Ark. 81, 702 S.W.2d 23 (1986); *Sargent v. Cole,* 269 Ark. 121, 598 S.W.2d 749 (1980); *Cook v. Bevill,* 246 Ark. 805, 440 S.W.2d 570 (1969); *McFarland v. The Bank of the State,* 4 Ark. 410 (1842). It requires no deep scrutiny into the two acts to see that they are easily harmonized. One deals with school attendance, the other with qualifications for school directors. Act 822 has nothing to do with school board elections, it merely covers school attendance by children residing on lands lying in two school districts. To construe Act 822 as entitling a parent whose property lies in two districts to serve on the school board he or she chooses for school attendance purposes requires an inference entirely unsuggested by the act itself. More significantly, that interpretation of Act 822 effectively repeals Act 30, a result to be avoided whenever possible. *Yeargin v. Ragland, supra; Nance v. Williams,* 263 Ark. 237, 564 S.W.2d 213 (1978); *Faver v. Golden,* 216 Ark. 792, 227 S.W.2d 453 (1950).

These acts are not irreconcilable. If Mrs. Oxford wants her children to attend schools in the Fayetteville district, she has that right under Act 822. If she wants to serve on a school board,

she must meet the requirements of Act 30—she must be a bona fide resident of the district where she becomes a candidate. Mrs. Oxford is not, nor does she claim to be, a resident of Fayetteville School District No. 1. To hold that she can send her children there to school and thereby qualify to serve on that district's school board plainly nullifies Act 30. We are not free to interpret one act so as to defeat another when we can give effect to both acts.

■ The circuit court denied relief upon a finding that under Act 822 Mrs. Oxford was "not clearly ineligible" to serve on the Fayetteville school board and since an action in quo warranto was available to challenge her qualifications, mandamus would not lie. As we have attempted to demonstrate, Mrs. Oxford *was* clearly ineligible by the admitted fact that she did not reside in the Fayetteville school district. Since neither the law nor the facts were in doubt, appellant was entitled to have Mrs. Oxford declared ineligible to be a candidate for the Fayetteville school board. In that context mandamus was appropriate to the purpose. Ark. Stat. Ann. § 3-614 (Repl. 1976); *Dykeman* v. *Symonds*, 54 A.D.2d 159, 388 N.Y.S.2d 472 (1976).

Nor do we regard quo warranto as an adequate alternative. It is the state who initiates quo warranto. Ark. Stat. Ann. § 12-713 (Repl. 1979); *Ramsey* v. *Carhart*, 27 Ark. 12 (1871); *Caldwell's Adm'r.* v. *Bell*, 6 Ark. 227 (1845). We have stated the other remedy, to be adequate, must be "plain and complete and as practical and efficient to the ends of justice and its proper administration as the remedy by mandamus." *Mears* v. *Hall*, 263 Ark. 827, 569 S.W.2d 91 (1978). In *Huie* v. *Barkman*, 179 Ark. 772, 18 S.W. 334 (1929), we said:

> To exclude resort to mandamus on the ground that the [petitioner] has another remedy, such remedy must be an adequate one and well adapted to remedy the wrong complained of; if it is inconvenient or incomplete, the court exercises a sound discretion in granting or refusing the writ.

Reversed.