T.L. Goodwin, Colonel Director, Arkansas State Police #3 Natural Resources Drive P.O. Box 5901 Little Rock, AR 72215
Dear Colonel Goodwin:
This is in response to your request for an opinion regarding Act 651 and Act 926 of 1989. You note in your request that both of these acts amend certain sections of A.C.A. 17-33-101 et seq. You have asked, with specific reference to the amended 17-33-102
and 17-33-103(a), which of the amendments are valid and which have been repealed.
Although Act 926 does appear at first glance to deal more comprehensively with these particular Code sections, adding new provisions and seemingly governing the entire subject, it is my opinion that effect can and must be given to both enactments. This conclusion is based upon a construction of the two acts, with the aid of general rules of statutory construction, since we do not have the benefit of case law authority directly on point.
It is well-established that repeals by implication are not favored in construing legislative enactments. As expressed by the Arkansas Supreme Court:
 We have long followed the common law maxim that statutes on the same subject will be construed together and reconciled to effect the legislative intent. We are required to give effect to both enactments unless it is impossible to do so. [Citation omitted.]
Cummings v. Washington County Election Comm'n, 291 Ark. 354, 356724 S.W.2d 486 (1987); see also Henslee v. Madison Guaranty Sav. 
Loan Ass'n, 297 Ark. 183, 760 S.W.2d 842 (1988). The Court in Cummings, supra, noted that interpretation which effectively repeals another act is ". . . a result to be avoided whenever possible."291 Ark. at 356.
It must also be recognized that the rule requiring that statutes on the same general subject be reconciled and construed together, if possible, is particularly applicable if two acts on the same subject were enacted during the same legislative session. Sargent v. Cole, 269 Ark. 121, 598 S.W.2d 749 (1980).
With these precepts in mind, it is my opinion that a repeal by implication will only be found in this instance if these acts fall within the following rule:
 . . . [W]hen a later act covers the entire subject matter of an earlier one, adding new provisions and plainly showing that it was intended as a substitute for the first one, then the older act is repealed by implication. [Citation omitted.][1]
Nance v. Williams, 263 Ark. 237, 238, 564 S.W.2d 212 (1978).
A review of the text of these amendments compels the conclusion that Act 926 does not ". . . plainly [show] that it was a substitute" for Act 651. Nance v. Williams, supra. The statutory rules of construction do not limit us to examining any single part of a law. Sargent v. Cole, supra. In discerning legislative intent, each section of the act is read in light of every other section, and the object and purpose of the act must be considered. Chism v. Phelps, 228 Ark. 936, 311 S.W.2d 297 (1958).
It is therefore my opinion that these two acts can be construed so that all of their parts will be effective. The amendments added by each act are, in my opinion, all valid.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] Act 926 of 1989 was approved by the Governor on March 23, 1989. Act 651 of 1989 was approved on March 17, 1989. Act 926 is the later act, notwithstanding the fact that it contains an emergency clause and thus went into effect earlier, since an act passed later and going into effect earlier will generally prevail over a conflicting act passed earlier and going into effect later. Williams v. State, 215 Ark. 757, 223 S.W.2d 190
(1949). Applying these precepts, it becomes apparent that the legislature sought, through passage of Act 926, ". . . to more efficiently and effectively regulate the business conducted by alarm system agencies because of the rapid growth of this industry." Acts 1989, No. 926, 18 (emergency clause). Act 926 repeals the Alarm Systems Licensing Act (A.C.A. 17-13-101 — 313, and operates, primarily, to bring alarm systems companies and agents within the Private Investigators and Private Security Agencies Act (A.C.A. 17-33-101 — 352). The Board of Private Investigators and Private Security Agencies is now vested with exclusive authority to regulate alarm systems businesses. Acts 1989, No. 926, 15. It may therefore reasonably be concluded that Act 926 does not reflect a clear intent to cover the whole subject of the regulation and licensing of private investigators and security agencies. There is no plain showing that Act 926 was intended as a substitute for Act 651. (Nance v. Williams, supra.) Its discrete purpose is to add provisions pertaining specifically to alarm systems agencies. Nor is there any "plain repugnancy" (Forby v. Fulk, 214 Ark. 175, 180, 214 S.W.2d 920 (1948)) between these provisions and those added to A.C.A. 17-33-102 and17-33-103(a) by Act 651 involving "accident reconstruction."