The Honorable Ted E. Mullenix State Representative 200 Rolling Acres Road Pearcy, AR 71964
Dear Representative Mullenix:
This is in response to your request for an opinion on the following question:
 Does a person living in a private community have to license a trailer if the trailer is not used on State, County or Federal roads?
It is my understanding, based on correspondence attached to your request, that this question is asked in relation to flat-bed trailers used in a private community to transport golf carts to outlying golf courses. According to the correspondence, the trailers are used exclusively on private roadways.
It is my opinion that the answer to your question is "no" with respect to this set of facts. Arkansas Code of 1987 Annotated27-14-703 states that "[e]very motor vehicle, trailer, semitrailer, and pole trailer when driven or moved upon a highway and every mobile home shall be subject to the provisions of this chapter . . . ." [Emphasis added.) Registration and certificates of title are required for such vehicles (with certain exceptions outlined under 27-14-703 (1) through (6)). It is unlawful for a person "to drive or move . . . upon any highway, any vehicle of a type required to be registered under this chapter which is not registered within the time period prescribed by law, or for which a certificate of title has not been issued or applied for within the time period prescribed by law, or for which the appropriate fee has not been paid where and as required under this chapter." (Emphasis added.) A.C.A. 27-14-701 (a). Section 27-14-304
make(s) it a misdemeanor to operate "upon any highway" any vehicle required to be registered unless the vehicle displays a valid license plate. The term "highway" is defined under A.C.A.27-14-216 as "the entire width between boundary lines of every way public maintained when any part thereof is open to the use of the public for purposes of vehicular traffic." (Emphasis added.)
These provisions, which are part of the Uniform Motor Vehicle Administration, Certificate of Title, and Antitheft Act are, in my opinion, determinative of your question. It is significant to note that the United States District Court for the Eastern District of Arkansas has stated with regard to these provisions that a motor vehicle is not required to be registered unless it is actually driven or moved upon a highway. United States v. Westmoreland Manganese Corp., 134 F. Supp. 898 (E.D.Ark. 1957), aff'd. 246 F.2d 351 (8th Cir. 1957). This conclusion would, in my opinion, also reasonably extend to other vehicles, such as trailers. Thus, if a trailer is not driven or moved upon publicly maintained roadways, registration and licensing is not required. A fact question is, of course, raised in each instance concerning the use of the trailer. The foregoing applies as the general precept.
In considering your question, however, reference must also be made to the Permanent Trailer Licensing Act of 1979, which is codified at A.C.A. 27-14-1201 et seq. This act, like the provisions referenced above, is part of the "Motor Vehicle Code" of Arkansas. It establishes a registration and licensing system specifically for trailers, which include by definition "utility trailers, horse trailers, dog trailers, and other small and medium sized trailers having a gross loaded weight not in excess of six thousand pounds (6,000 lbs.)." A.C.A. 27-14-1202(a)(2). Provision is made for permanent license plates and for a simplified renewal process. A.C.A. 27-14-1211 and 27-14-1214.
This act does not on its face make reference to or create an exception for trailers that are not driven or moved upon a highway. It is my opinion, however, that the act must be read together with the other provisions of the Motor Vehicle Code which do make this distinction. A contrary interpretation would have to be premised upon the implied repeal or amendment of these other provisions, and it is well-established that such repeals or amendments are not favored in construing legislative enactments. Cummings v. Washington County Election Comm'n, 291 Ark. 354,724 S.W.2d 486 (1987).
Section 28 of the Permanent Trailer Licensing Act (the emergency clause) supports the proposition that the act was not intended to repeal or amend other Motor Vehicle Code provisions which tie the registration requirements to use of the vehicle upon the highways, that is, publicly maintained roadways. A.C.A. 27-14-216. The emergency clause makes it clear that the act was passed "in order to institute an inexpensive time saving and centralized system of trailer registration and licensing." Acts 1979, No. 671, 28. There is no indication that the act was intended to modify other code provisions which impose the registration requirements upon trailers, "driven or moved upon a highway." A.C.A. 27-14-703; see also A.C.A. 27-14-304 and 27-14-701.
The fee requirement imposed under 27-14-1210 may also offer guidance in this regard. This section states that the biennial fee imposed upon trailer owners is based on the annual fee as set forth in A.C.A. 27-14-601. See A.C.A. 27-14-1210(a). Section27-14-601(c) addresses the nature of these fees and states that "[e]ach of the fees authorized in this section is declared to be a tax for the privilege of using and operating a vehicle on the public roads and highways of the State of Arkansas." This further suggests that the Permanent Trailer Licensing Act is not applicable to trailers used exclusively on private roads.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.