Ms. Cathyrn E. Hinshaw Executive Director Arkansas Fire Police Pension Review Board P.O. Drawer 34164 Little Rock, AR 72203
Dear Ms. Hinshaw:
This is in response to your request for an opinion regarding Act 429 of 1991, which is codified at A.C.A. § 24-11-827 (Cum. Supp. 1991). Your questions pertain to an individual who retired in January, 1984, with 20 years of service as a volunteer fireman. He was hired as a full-time fireman in May, 1990. His pension was frozen at that time, and he has not made contributions to the system. Your specific questions in this regard are as follows:
 1. Under Act 429 of 1991, can he be placed back into the Pension System?
 2. Should he be making contributions to the System? If so, should he pay back to the time he was hired or start at the time Act 429 went into effect?
 3. How many additional years will have to be served before recalculation of benefits?
 4. If a certain number of years are required and served, will his pension then be calculated as a full-time fireman?
 5. I note that A.C.A. § 24-11-818(e) (Cum. Supp. 1991) requires a volunteer or part-paid fire fighter to serve as a full-paid fire fighter for at least five (5) years prior to retirment to be eligible to retire as a full-paid member. Would that requirement be affected by Act 429 of 1991, even though the Act did not amend this section of law?
The answer to your first question is, in my opinion, "yes." Section 24-11-827(a) (Cum. Supp. 1991) states:
 Notwithstanding any other provision of law to the contrary, should an age or service retirant return July 1, 1986, or later, to employment in a position covered by the fireman's fund from which he retired, no pension payments shall be paid him for the period of such reemployment, and he may make member contributions to the system as if he were an active member during such reemployment.
Assuming, therefore, that this individual is a "service retirant," his return to employment in 1990 would appear to bring him within the provisions of § 24-11-827.[1]
It is my opinion, in response to the first part of your second question, that although § 24-11-827 does not require
contributions, this section obviously envisions a retirant's return to service as an active member, following the requisite three year period, with the "service and contributions and pay records during reemployment . . . added to the member's records. . . ." A.C.A. § 24-11-827(c) (Cum. Supp. 1991). When read as a whole, the provision suggests that the legislature intended for contributions to be made during the period of reemployment.
With regard to the second part of this question, I believe that contributions should be made during the entire period of reemployment, which in this instance would be from May, 1990, forward. This conclusion is compelled by the language of subsection (a) wherein it authorizes contributions to the system "as if he were an active member during such reemployment." (Emphasis added.) See also § 24-11-827(c). Because the provision is triggered by reemployment "July 1, 1986, or later," it must be concluded that the legislature intended for the reemployment period to include employment prior to the act's 1991 effective date.
In response to your third question, if this individual continues employment until May, 1993, it is my opinion that three (3) years of credited service will have accumulated. Active membership will resume at that point, and the service, contributions and pay records during that period will be added to his records.
With regard to your fourth question, it is my opinion that he may retire as a full-paid member if his reemployment under §24-11-827 (Cum. Supp. 1991) is as a full-paid firefighter for a period of at least five (5) consecutive years immediately prior to his "retirement." See A.C.A. § 24-11-818(e) (Cum. Supp. 1991) and Att'y Gen. Op. No. 91-203. While it may be contended that § 24-11-818(e)[2] does not apply in this instance because this person's "retirement" occurred in 1984, it is my opinion that this argument may be effectively countered with the well-established precept that in construing legislation, it is presumed that the legislature had knowledge of existing statutes and that reference was made thereto in its consideration of any subject matter embraced in prior acts. See Bolden v. Watt,290 Ark. 343, 710 S.W.2d 428 (1986). The legislature is thus presumed to intend for the provisions of later acts to be read in light of provisions of the former relating to the same subject.
The legislature has provided, under § 24-11-827, for the addition of service records generated during reemployment to the member's records "as they were at retirement." A.C.A § 24-11-827(c) (Cum. Supp. 1991). The additional service records thus apparently become part of those retirement records. Because the legislature is presumed to have had the various benefit provisions in mind when it enacted § 24-11-827, it may reasonably be concluded that those provisions will be triggered by the additional service. This would presumably include the provision for retirement as a full-paid member under § 24-11-818(e), following five (5) years of full-paid employment.
Your last question also involves § 24-11-818(e). You have asked whether the five (5) year employment requirement under that provision is "affected by" Act 429 of 1991. (A.C.A. § 24-11-827). I assume that you are inquiring whether the five (5) year requirement has been effectively reduced to three (3) years under § 24-11-827.
The answer is "no." Repeals and amendments by implication are not favored in construing statutes. See Cummings v. WashingtonCounty Election Com'n, 291 Ark. 354, 724 S.W.2d 486 (1987). Section 24-11-827 requires the accumulation of three (3) years of credited service before a retirant may again become an active member of the system. It does not address applicable benefits upon one's return to active membership. The requirement of §24-11-818(e) with regard to five (5) years of employment as a full-paid member is thus unaffected by § 24-11-827.
Sincerely,
WINSTON BRYANT Attorney General
EAW/WB:ch
[1] It is apparent from other provisions of the local police and fire retirement laws that a volunteer is considered to be "employed" by the department. See, e.g., A.C.A. §§ 24-11-816
and -825 (Cum. Supp. 1991).
[2] Section 24-11-818(e) (Cum. Supp. 1991) states:
 A volunteer or part-paid fire fighter who becomes a full-paid member of his fire department shall be eligible to retire as a full-paid member only if he shall have been employed as a full-paid member for a period of at least five (5) years immediately prior to his retirement.