The Honorable Scott Hunter Prosecuting Attorney Second Judicial Circuit 108 Dover Road P.O. Box 1666 West Memphis, AR 72303
Dear Mr. Hunter:
This is in response to Deputy Prosecuting Attorney John N. Fogelman's request for an opinion regarding the appropriate location of the county jail. The specific question posed is whether the jail can be located outside the corporate limits of the county seat.
It is my opinion that a local county jail must be located at the county seat. As Mr. Fogleman has noted, Section 2 of Act 881 of 1987 repealed A.C.A. § 12-41-501 (1987), which provided that the county jail shall be located at the seat of justice of the county.[1] He also notes, however, the following two Code sections:
 There shall be erected in each county, at its established seat of justice, a good and sufficient courthouse and jail.
A.C.A. § 14-19-108 (1987).
 The County court shall designate the place to erect any county building on any land belonging to the county at the established seat of justice of the county.
A.C.A. § 14-19-102(a) (1987).
Neither one of these provisions has been expressly repealed. It is well-established that implied repeals are not favored in construing legislative enactments. See generally Mears v.Ark. State Hospital, 265 Ark. 844, 581 S.W.2d 339 (1979);Cummings v. Washington Co. Elec. Comm., 291 Ark. 354,724 S.W.2d 486 (1987). The intent to repeal must, instead, be plain and clear. Id. The Arkansas Supreme Court has stated that repeal by implication ". . . is never allowed by the courts except where there is such an invincible repugnancy between the former and later provisions that both cannot stand together."McKenzie v. Burris, 255 Ark. 330, 342, 500 S.W.2d 357 (1973).
I cannot conclude, in light of these precepts, that Sections14-19-108 and 14-19-102, supra, have been repealed. While Section 12-41-501, supra at n. 1, was clearly repealed by Act 881 of 1987, Sections 14-19-108 and 14-19-102 were not addressed. There was, therefore, no express repeal of these provisions. While it may be contended that this was merely an oversight, a clearer expression of legislative intent is, in my opinion, necessary before a repeal of these provisions will be implied.
This is true, in my opinion, despite the possible contention that the repeal of Section 12-41-501 is of no effect if Section14-19-108, supra, remains intact.[2] A legislative enactment must, if possible, be construed so that all of its parts will be effective. Town of Wrightsville v. Walton,255 Ark. 523, 501 S.W.2d 241 (1973). It is my opinion that the repeal of Section 12-41-501 may be given effect when considered in context. Act 881 of 1987 amended Act 882 of 1985 relating to the Criminal Detention Facilities Review Commission. See A.C.A. §§12-26-104 (Cum. Supp. 1991). The Commission is responsible for developing guidelines for the operation of local criminal detention facilities, which includes county-city jails and regional jails. Act 881 of 1987 also addresses the definition of "Criminal Detention Review Committee[s]," which are comprised,inter alia, of representatives of each county within a judicial district. See A.C.A. § 12-26-105 (Cum. Supp. 1991). These committees provide consultation and technical assistance to county and local government officials with respect to criminal detention facilities and juvenile detention facilities. See
A.C.A. § 12-26-106 (Cum. Supp. 1991).
It becomes apparent that the 1987 amendments focused upon the regional aspect of the criminal detention review process. It may also be significant to note that the Corrections Cooperative Endeavors and Private Management Act was also enacted during this same 1987 legislative session. See A.C.A. § 12-50-101—110 (Cum. Supp. 1991). This act authorizes cooperative endeavors for financing, constructing, acquiring, and operating prison facilities. A.C.A. § 12-50-102 (Cum. Supp. 1991). That act is the "sole authority required for the accomplishment of those purposes." A.C.A. § 12-50-104 (Cum. Supp. 1991).
The context in which Section 12-41-501, concerning the location of county jails, was repealed thus reflects the regional focus of the 1987 legislation in this area. And reference to other legislative enactments applying to similar persons or things is appropriate where interpretation of a particular act is in doubt.See generally Stibling v. U.S., 419 F.2d 1350 (8th Cir. 1969). It may reasonably be concluded from the foregoing that Sections 14-19-108 and 14-19-102(a) in all likelihood do not apply to regional correctional facilities, but remain intact with respect to a local county jail. This interpretation gives effect to the repeal, but also recognizes that implied repeals are not favored. Further legislative action will, in my opinion, be necessary in order to effect the repeal of Section 14-19-108,supra.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Section 12-41-501 stated: "There shall be kept, in good and sufficient condition and repair, a common jail in each county in this state, to be located at the seat of justice of the county." The "seat of justice of the county" is the county seat. Seegenerally Warren v. State, 241 Ark. 264, 270, 407 S.W.2d 724
(1966), quoting Williams v. Rentzel, 60 Ark. 155, 158,29 S.W. 374 (1895).
[2] Section 14-19-102(a), supra, may be reconciled with the repeal of Section 12-41-501 by noting that this Code section addresses the location of county buildings generally, while Section 12-41-501 dealt specifically with the county jail.