The Honorable David Choate State Representative 709 North Main Street Beebe, AR 72012-3048
Dear Representative Choate:
This is in response to your request for an opinion on the following question:
 Would A.C.A. § 6-13-616[1] apply to permit a person living in a zoned school district whose residential property is partially in one zone and partially in another to run in either zone, or would the location of the dwelling house determine the zone of a candidate?
It is my opinion that one whose property includes land in two school zones can only qualify as a school board candidate in the zone in which he or she resides. It is my opinion, further, that A.C.A. § 6-13-616 is not relevant to this determination. Rather, a fact question will be presented regarding the candidate's residency. The location of the dwelling house may well be determinative in this regard. Ultimately, however, this is an issue of fact.
Arkansas Code Annotated § 6-13-630 provides that "[a] candidate for a position to be elected by zones shall reside in the zone." A.C.A. §6-13-630(a) (Repl. 1993) (emphasis added). See also A.C.A. §§6-13-631(d)(1)(A) (Supp. 1995) (pertaining to school districts with a ten percent or greater minority population, and providing that "[a] candidate for election from a single-member zone must be a qualified elector and a resident of the zone[,]") and 6-13-607(d)(1) (Repl. 1993) (requiring that board members in school districts which have an average daily attendance over twenty-four thousand "shall . . . be qualified electors of the zones from which elected; and . . . [h]ave actually resided in the zone for at least six (6) months prior to their election.") It is thus clear that residency in the zone is a prerequisite for school board candidacy in those districts which are divided by zone. Section 6-13-616, on the other hand, addresses one's eligibility "to be a member of [a] school district board of directors in this state . . . [,]" and requires simply that he or she be "a qualified elector of the school district which he serves." A.C.A. § 6-13-616(a) (Repl. 1993). Section 6-13-616 does not, on its face, purport to apply in the context of qualification to serve a school zone. Nor has my research yielded any evidence of legislative intent to apply § 6-13-616 in this context.
In the absence of any contrary expression of legislative intent, therefore, we must give the word "reside" the construction which is most often placed on it by the Arkansas courts in determining the qualifications of voters and public officials; and thus will construe it synonymously with "domicile." "Domicile" is defined as meaning "that place where a man has his true, fixed, and permanent home and principal establishment, and to which whenever he is absent he has the intention of returning. . . . Black's Law Dictionary 435 (5th ed. 1979). Among the factors looked at to determine one's domicile are declarations of the parties, exercise of political rights, payment of personal taxes, a house of residence and a place of business. Gooch v. Gooch, 10 Ark. App. 432,664 S.W.2d 900 (1984). See also, generally, Op. Att'y Gen. 92-112.
With regard to your particular question, I assume that no dispute is contemplated concerning the candidate's intention as to his or her domicile. That is, there is no dual residency issue. Rather, the claim of residency in the other zone is based merely upon the fact that a portion of the property is in that zone, even though the home is not physically located on it. Although fact questions may arise, I believe the location of the dwelling house would, in that instance, probably be determinative of the candidate's zone. This was in essence what the court held inCummings v. Washington County Election Comm'n, 291 Ark. 354,724 S.W.2d 486 (1987). In that case, the court held that a woman who lived on land located partly in one school district and party in another was not eligible to serve on the school board of the school district in which the home was not located.[2] See also Davis v. Holt, 304 Ark. 619, 621,804 S.W.2d 362 (1991) (citing Cummings as having decided "that one whose property included land in two school districts could hold office only in the district in which he or she resided. . . .") As was the case inCummings, the fact that one owns property in another school zone is not tantamount to a claim of domicile there.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] As you note, § 6-13-616 (Repl. 1993) provides for one's eligibility as a member of either school district board where his or her "residential property," as defined therein, contains portions of two districts.
[2] Cummings was decided prior to A.C.A. § 6-13-616's amendment regarding "residential property" containing portions of two school districts. See Act 242 of 1989. The case is, however, in my opinion, illustrative with respect to your inquiry involving a zoned district.