The Honorable Sharon Priest Secretary of State State Capitol Little Rock, AR 72201-1094
Dear Ms. Priest:
This is in response to your request for an opinion regarding Act 1139 of 1995, the Information Network of Arkansas ("INA") Act, which is codified at A.C.A. §§ 25-27-101 through -105 (Supp. 1995). You note that the board which governs the INA has issued a request for proposal ("RFP") to set up a gateway system of public information which would be accessible to subscribers by paying a service fee. Prospective vendors have submitted questions concerning the network and the Arkansas Freedom of Information Act ("FOIA") (A.C.A. § 25-19-101 et seq.). Your specific questions in this regard are restated and answered below in the order posed.
 1. Would the vendor awarded the RFP have an exclusive agreement with agencies identified in the RFP or with all state agencies as identified in Act 1139 to provide public information electronically? If so, would that exclusive agreement preclude an Arkansas citizen requesting this public information pursuant to the Arkansas Freedom of Information Act from being provided the information in an electronic medium, whether it be access through the internet, a state web site, or computer data stored on diskette or tape?
In response to the first part of this question, I cannot conclude, based merely upon the language of Act 1139, that the vendor will have an exclusive agreement. The act, in my opinion, is silent with respect to exclusivity.
Given my conclusion that there is no per se grant of exclusivity under the act, it appears that a response to the second part of this question is unnecessary. If your question is intended to also encompass a grant of exclusivity as a contractual matter, it is my opinion that the ultimate effect of such a contract would depend upon the particular terms thereof, as well as the surrounding circumstances. It should perhaps be emphasized, however, that the FOIA, in my opinion, was neither repealed nor amended by Act 1139. This necessarily follows from the established maxim that repeals and amendments by implication are not favored in construing statutes. Cummings v. Washington County Election Com'n,291 Ark. 354, 724 S.W.2d 486 (1987). In this regard, it should be noted that the FOIA is generally viewed as requiring that agencies which maintain records in different forms must make the records available in the form sought by the requester. See J. Watkins, The Arkansas Freedom ofInformation Act 69-70 (2nd ed. 1994), citing Blaylock v. Staley,293 Ark. 26, 732 S.W.2d 152 (1987). Thus, regardless of the terms of any contract, I believe the FOIA will generally afford public access to those records which are maintained by an agency in an electronic medium.
 2. Would state agencies still maintain public information on the internet or provide information by data stored on diskette or tape?
This is a matter which is not specifically addressed in either Act 1139 or the FOIA. The manner or method by which an agency maintains its records is, I believe, generally a matter to be determined by the agency, subject to the FOIA's requirement that "[r]easonable access" be afforded. See A.C.A. § 25-19-105(d). Clearly, the FOIA is an access statute, not a records management statute. See The Arkansas Freedom ofInformation Act, supra at 13. It does not address the actual management of public records. Op. Att'y Gen. 93-263. Act 1139 provides that the state agencies "shall cooperate with I.N.A. in providing assistance as may be requested . . ." and they may "contract to recover from I.N.A. costs incurred by providing such assistance to I.N.A." A.C.A. §25-27-104(b)(3). This language is somewhat vague, and in my opinion does not specifically address the matter of an agency's continued maintenance of records.
 3. If the INA can grant exclusive access to information electronically, is there a guideline to determine what public information is exclusive?
See response to Question 1. As stated above, it is my opinion that there is no grant of exclusivity under the act.
 4. If the access granted by the contract is not exclusive, could another corporation request public information in an electronic medium and offer competing services?
As indicated above, it is my opinion that an agency must generally provide records in the form sought by the requester if in fact the records are maintained in that form. Questions might arise concerning the applicability of particular FOIA exemptions. Such questions would have to be addressed on a case-by-case basis.
 5. There is some information which is available for a fee. For example, traffic violation reports are available for $7.00 per report. Under the INA contract this information would be provided to the vendor awarded the contract. If this information is kept electronically, what would be the cost of a request for a data compilation of these reports pursuant to the FOI, or could this electronic information be granted exclusive access?
I assume that you are inquiring as to the fee that an agency would charge in this regard. I also assume that the fee currently specified by statute does not govern such a request, i.e., a request for a data compilation.
The FOIA does not specifically address the issue of fees or charges for providing copies of public records. See Ops. Att'y Gen. 96-259 and 94-282. The FOIA is simply silent on this question. As for electronic data compilations, I believe the same "reasonableness" test will apply as in the case of individual document production. See Op. Att'y Gen.96-259. Thus, in my opinion, an agency may charge a fee that is reasonably related to the actual cost of producing the copy. Id. This will require a factual analysis in each instance.
With regard to exclusive access through the gateway system, as stated above in response to your first question, I do not believe Act 1139 itself addresses that issue. The question of whether an FOIA request for data is satisfied will, I believe, continue to be addressed on a case-by-case basis.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh