The Honorable Jake Files State Representative 2208 N. 46th Terrace Ft. Smith, AR 72904
Dear Representative Files:
This official Attorney General opinion is issued in response to a question you have presented concerning the transportation of children in passenger vans.
Your question is:
 Does Act 470 apply to child care providers who transport children in passenger vans as a part of their services?
RESPONSE
It is my opinion that Act 470 does apply to childcare providers who transport children in passenger vans as a part of their services.
Act 470 amended the provisions of A.C.A. § 27-34-104, which is part of the Child Passenger Protection Act. The amended section sets forth certain child passenger requirements.
As amended, A.C.A. § 27-34-104 states:
 (a) Every driver who transports a child under the age of fifteen (5) years in a passenger automobile, van, or pickup truck, other than one operated for hire, which is registered in this or any other state, shall provide, while the motor vehicle is in motion and operated on a public road, street, or highway of this state, for the protection of the child by properly placing, maintaining, and securing the child in a child passenger restraint system meeting applicable federal motor vehicle safety standards in effect on January 1, 1995.
 (b) A child who is less than six (6) years of age and who weighs less than sixty pounds (60 lbs.) shall be restrained in a child passenger safety seat.
 (c) If a child is at least six (6) years of age or at least sixty pounds (60 lbs.) in weight, a safety belt shall be sufficient to meet the requirements of this section.
A.C.A. § 27-34-104, as amended by Acts 2001, No. 470.
An issue that arises out of the above-quoted language is whether vans operated by childcare providers to transport children constitute vans "operated for hire," which would exempt them from the seat belt and safety seat requirements of the statute. It is my opinion that they do not. That is, vans operated by child care providers to transport children do not, in my opinion, constitute vans "operated for hire" within the meaning of the above-quoted statutory language, and are therefore not, in my view, exempt from the statute's requirements concerning the safety of child passengers.
I base this conclusion on two principles of statutory interpretation. The first is the principle which holds that two statutes addressing the same subject should be harmonized and interpreted so that both can be applied. Cummings v. Wash. County Election Comm'n, 291 Ark. 354,724 S.W.2d 486 (1987). The second is the principle which holds that statutory language should not be interpreted in a manner that would lead to an absurd result. Lawhon Farm Servs. v. Brown, 335 Ark. 272, 984 S.W.2d 1
(1998). The application of these principles are explained below.
If A.C.A. § 27-34-104 is interpreted not to apply to vans operated by child care providers, it would mean that child care providers could transport any child under the age of fifteen without a seat belt or a safety seat, regardless of the child's age or weight. Yet childcare facilities are required by another law to use seat belts and safety seats with some children.
This requirement is stated in Rule 1201 of the Minimum Licensing Requirements for Child Care Centers, which was promulgated pursuant to the Child Care Facility Licensing Act (A.C.A. § 20-78-201 et seq.). The rule states:
 Any child who is less than 4 years old and weighs less than 40 pounds shall be restrained in a child passenger safety seat. Any child who is at least 4 years or weighs at least 40 pounds must be restrained by a safety belt. This does not apply to school buses.
Rule 1201, Minimum Licensing Requirements for Child Care Centers.[1]
Under the Child Care Facility Licensing Act, a failure to comply with the above-quoted requirement could result in the child care facility's loss of its license and, in turn, a penalty and an injunction prohibiting it from operating. A.C.A. § 20-78-204.
Because licensure of childcare facilities is mandatory under the Child Care Facility Licensing Act, it follows that compliance with the minimum licensing requirements (including the requirements of Rule 1201, above) is mandatory. Thus, if A.C.A. § 27-34-104 were interpreted to exempt vans operated by childcare facilities from its seat belt and safety seat requirements, it would be in direct conflict with Rule 1201. Such an interpretation would violate the principle of harmonizing two statutes that address the same subject, by creating a direct conflict between the Child Care Facilities Licensing Act and the Child Passenger Protection Act. It would also lead to the absurd result of requiring care facilities to use seat belts and safety seats in one statute, but exempting them from doing so in another statute.
A more reasonable interpretation would be one under which the reference in A.C.A. § 27-34-104 to vehicles "operated for hire" is a reference to vehicles such as taxi cabs, whose primary business purpose is transportation for hire. This interpretation is also consistent with the Arkansas Supreme Court's often-reiterated principle of statutory interpretation under which statutory language is given its ordinary meaning in common usage. Weiss v. Chem-Fab Corp., 336 Ark. 21,984 S.W.2d 395 (1999). In common usage, vehicles operated "for hire" do not include vehicles operated by childcare facilities and other educational institutions for the transportation of children and students. Such vehicles typically belong to the institution, and have not been "hired" by the institution. Nor have they been "hired" by the children's parents. Rather, the parents have hired the facility to perform its primary business purpose of providing childcare or education. The transportation service that is provided by these institutions is merely ancillary to the institution's primary purpose. It would therefore be uncommon to refer to the institution as operating vehicles "for hire." This line of reasoning provides further support to an interpretation of A.C.A. § 27-34-104 under which childcare facilities are not exempted from its seat belt and safety seat requirements.
This interpretation of the phrase "for hire" is also bolstered by judicial interpretation. Although the Arkansas Supreme Court has not interpreted the phrase "for hire," the courts of other jurisdictions have done so. A case that is particularly pertinent to the question you have raised is Nebinger v. Maryland Casualty Co., 312 N.J. Super. 400,711 A.2d 985 (1998). That case involved a New Jersey statute that required the owners of vehicles "used for transportation of passengers for hire" to maintain medical expense benefits coverage. An adult day care provider did not maintain such coverage. A client of the day care facility sought a declaration that the facility's insurance provider should extend its coverage to include such benefits, since the fees paid by the facility's clients included transportation on the facility's minibus. The court held that the day care provider's minibus did not constitute a vehicle "for hire," even though the clients' fees included transportation. The court based its conclusion on the fact that the clients' fees were not for the transportation itself, but rather for a range of services, including transportation. The same reasoning can be applied to the phrase "for hire," as used in A.C.A. § 27-34-104, to conclude that vans operated by day care facilities are not vehicles operated "for hire," and are thus not exempt from the statute's seat belt and safety seat requirements.
For all of the foregoing reasons, I conclude that Act 470 of 2001 (as codified at A.C.A. § 27-34-104) does apply to childcare facilities who transport children in passenger vans as a part of their services.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] It should be noted that Rule 1201 precisely mirrors the requirements that were stated in A.C.A. § 27-34-104 before it was amended by Act 470 of 2001. It is likely that Rule 1201 simply has not yet been amended to coincide with the amended A.C.A. § 27-34-104.