The Honorable Gene Shelby State Representative 137 Circle Drive Hot Springs, Arkansas 71901-2773
Dear Representative Shelby:
I am writing in response to your request for an opinion on the following questions:
 1. Is Garland County eligible to levy a sales tax under A.C.A. § 14-164-340 for the construction of a jail?
 2. If Garland County levies a sales tax under A.C.A. § 14-164-340 for the construction of a jail, must the tax be shared with any of the municipalities within the county?
You report by way of factual background that Garland County has an existing one-half percent sales and use tax that was levied pursuant to A.C.A. § 26-74-401 — 414 (Repl. 1997 and Supp. 2007). You state that Hot Springs does not receive a share of this tax because it currently levies its own sales tax. As you note, the proceeds from a county sales tax levied under §§ 26-74-401 — 414 are not allocated (per capita) to cities that have enacted their own local sales tax. Id. at-409(a)(3) (Supp. 2007).
RESPONSE
In my opinion, the answer to your first question is "no," rendering your second question moot.
The Code section about which you have inquired, A.C.A. § 14-164-340, authorizes so-called "pay-as-you-go" financing of capital improvements for *Page 2 
criminal justice purposes. It was enacted in 1994 as an amendment to the Local Government Bond Act, codified at A.C.A. title 14, chapter 164, subchapter 3, which contains authority for the imposition of a sales and use tax to retire bonds issued thereunder. See A.C.A. § 14-164-327
(Supp. 2007).[1] Section 14-164-340 provides in relevant part:
 (a) In addition to the options provided for by § 14-164-338 for financing capital improvements of a public nature, if a legislative body determines that a sales and use tax of one percent (1%) or less authorized by § 14-164-327 would, if levied for no longer than thirty-six (36) months, produce sufficient revenue to finance capital improvements for criminal justice purposes without resorting to a bond issue, the legislative body may dispense with the issuance of bonds, levy the tax for no longer than the thirty-six month period, and appropriate the resulting revenues, subject to Arkansas Constitution, Article 12, § 4, provided that:
 (1) A majority of the qualified electors of the county or municipality voting on the question at a general or special election shall have approved the tax and the projects of capital improvements for criminal justice purposes; and
 (2) The revenues from the tax are expended solely for the projects authorized by the electorate.
A.C.A. § 14-164-340(a) (Repl. 1998).
Revenues from the tax levied under § 14-164-340 may therefore be expended only for the authorized "projects of capital improvements for criminal justice." Id. at (1).[2] Your question regarding Garland County's eligibility to levy a tax under § 14-164-340 arises because of the requirement imposed by A.C.A. § 26-74-414 on *Page 3 
counties that are levying the one-half percent sales and use tax pursuant to A.C.A. §§ 26-74-401 — 414. Section 26-74-414 provides in relevant part:
 If any county levying a one-half percent (0.5%) tax under the authority of this subchapter subsequently levies any additional sales and use taxes under authority of any other law, the net revenues derived from any such additional levy or levies shall be allocated and distributed to the county and the municipalities in the county on a per capita basis in the manner provided in § 26-74-313.[3]
A.C.A. § 26-74-414(b) (Repl. 1997) (emphasis added).
Garland County's taxing authority is limited by this provision as long as it continues to levy a one-half cent tax under the authority of A.C.A. §§26-74-401 — 414. Any additional sales tax, i.e., in addition to the one-half cent under §§ 26-74-401 — 414, must be distributed per capita in accordance with the above-emphasized language. In my opinion, this effectively precludes a levy under A.C.A. § 14-164-340 at this time, i.e., as long as the one-half cent is in effect. As explained above, revenues from this "pay-as-you-go" capital improvement tax must be expended for the projects approved by the electorate. This necessarily means that the "pay-as-you-go" tax cannot be distributed per capita, and that it is not available to the county at this time.
I realize that upon an initial reading § 26-74-414 might give the impression that it offers authority for levying an additional sales tax under "any other law," as long as the revenues are distributed per capita to the county and cities within the county. This might suggest that the "pay-as-you-go" tax under A.C.A. § 14-164-340 would be authorized. In my opinion, however, § 26-74-414 is not properly interpreted as affirmative authority for levying any other sales tax, irrespective of the requirements of the other law. Instead, those requirements remain in place and must be recognized. To conclude otherwise would mean that the legislature intended to authorize a per capita distribution of a tax that was authorized for certain purposes by the electorate. A court in my opinion would reject that interpretation. *Page 4 
It also bears noting in this regard that a "pay-as-you-go" sales tax statute similar in most respects to A.C.A. § 14-164-340 pre-dated the enactment of A.C.A. § 26-74-414, which occurred in 1991 (Acts1991, No. 885, § 1). Arkansas Code Annotated § 14-164-338 was enacted under Act 25 of the 4th Ex. Sess. of 1988 as an amendment to the Local Government Bond Act. Similar to the later § 14-164-340, this statute authorizes the levy of a sales tax to finance capital improvements, with the proceeds limited to "the purpose authorized by the electorate." A.C.A. § 14-164-338(a) (Supp. 2007). No other permitted use of the proceeds of the tax is included in the 1988 legislation. It is of course well-established that amendments by implication are not favored in construing statutes, e.g., Cummings v. Washington County Election Com'n,291 Ark. 354, 724 S.W.2d 486 (1987). I believe it is consequently clear that § 26-74-414 does not affect the statutory scheme under § 14-164-338. Although A.C.A. § 14-164-340 was enacted after § 26-74-414, I believe the same conclusion applies, given the similarly between §§ 14-164-338
and-340. The legislature could not have intended for these laws to be affected by § 26-74-414.
In my opinion, it reasonably follows from the foregoing that A.C.A. §26-74-414 is properly construed to constrain a county's ability to levy an additional sales tax. A county that is levying a one-half cent tax under § 26-74-414 may not, in my opinion, then at a later date enact another sales tax unless the proceeds from that tax can be distributed per capita to the county and cities under the terms of that law. If the tax is not of the type that can be divided up among the county and cities, it is unauthorized as long as the one-half cent under §§ 26-74-401
— 414 remains in place.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:EAW/cyh
[1] The Local Government Bond Act is enabling legislation under Ark. Const. amend. 62. Amendment 62 authorizes the issuance of bonds only for the purposes of financing capital improvements of a public nature and facilities for the securing and developing of industry. See Ark. Const. amend. 62, §§ 1 and 2.
[2] Subsection 14-164-340(g) permits use of the tax revenues "to establish a trust fund whose income would provide operating funds" for the capital improvements financed with the tax revenues.
[3] Section 26-74-313 imposes an affirmative duty upon the State Treasurer to distribute per capita to each city and county the sales tax proceeds arising from taxes imposed under authority of § 26-74-301et seq. A.C.A. § 26-74-313(d)(1) (Supp. 2007). *Page 1