## W. N. NANCE et al *v.* Horace WILLIAMS, Chairman et al

77-314                                564 S.W. 2d 213

Opinion delivered April 17, 1978
(In Banc)

*William B. Howard,* for appellants.

*Wright, Lindsey & Jennings,* for appellees.

GEORGE ROSE SMITH, Justice. We have had two statutes asserting and protecting the public's right to information about the transaction of public business and the conduct of public affairs. In this suit for a declaratory judgment the principal question is whether the later statute, the Freedom of Information Act, repealed the earlier one by implication. Act 93 of 1967, Ark. Stat. Ann. §§ 12-2801 *et seq.* (Repl. 1968); Act 343 of 1953, Ark. Stat. Ann. §§ 6-604 and 6-605 (Repl. 1976).

We agree with the trial judge's conclusion that there was an implied repeal.

In March, 1977, the electors of the Beedeville School District approved a proposed $150,000 bond issue. Before the bonds were issued the appellants, as taxpayers in the district, brought this suit for a judgment declaring that the actions of the defendant school directors in calling the election were void, because no advance notice of certain pertinent emergency meetings of the school board was given to the press. No such notice was required by the 1967 Freedom of Information Act, because none of the news media had requested it. § 12-2805. On the other hand, notice would have been required by the 1953 statute, because it directed that notice be given even though not requested. § 6-604.

Repeals by implication are, of course, not favored. This case, however, falls within the rule that when a later act covers the entire subject matter of an earlier one, adding new provisions and plainly showing that it was intended as a substitute for the first one, then the older act is repealed by implication. *Forby* v. *Fulk,* 214 Ark. 175, 214 S.W. 2d 920 (1948).

The Freedom of Information Act is decidedly more comprehensive than its 1953 predecessor. The newer act, for example, recognizes the public's right of access to public records and every citizen's right to appeal to the courts from any denial of rights guaranteed by the act. The older act did not contain those guarantees. The Freedom of Information Act changes almost every provision in the 1953 act, including the enumerated public agencies that are subject to the act, the notice to be given of public meetings, the persons responsible for giving that notice, the matters that may be considered in executive session, and the penalties for violations of the act.

It is fair to say that no provision in Act 343 of 1953 was left untouched by the Freedom of Information Act. We have no doubt that the legislature, in enacting the later statute, intended to cover the entire field anew and to supersede any earlier legislation on the subject. Hence there was an implied repeal. (We need not, and do not, express any opinion with regard to the appellants' argument that when the required

notice of an emergency meeting is not given, all action taken at that meeting is void.)

By cross appeal the appellees question the action of the trial court in sustaining a demurrer to their counterclaim and dismissing it. By that counterclaim the school district sought to recover certain damages because the pendency of this suit had prevented it from obtaining a non-litigation certificate, which in turn had prevented it from issuing the proposed bonds. The counterclaim does not state a cause of action, for it does not assert any fact (or even any conclusion of law) suggesting that the suit was brought without probable cause or without a reasonable belief that the claim might be held to be valid. Absent some such allegation, the mere filing of a lawsuit is not an actionable wrong. Restatement, Second, Torts, § 675 (1977); see also *Leek* v. *Brasfield*, 226 Ark. 316, 290 S.W. 2d 632 (1956).

Affirmed on direct and cross appeal.

FOGLEMAN, J., not participating.

HARRIS, C.J., concurs in the result.