The Honorable Grady P. Arrington Post Office Box 65 Stephens, AR 71764
Dear Representative Arrington:
This is in response to your request for an opinion concerning the possibility of Nevada County passing and collecting a second one cent sales tax. You have also asked whether the proceeds of the tax cold be used to finance the maintenance and operations of the Nevada County Hospital. It is my understanding from our discussions that the county wishes to impose the second tax for a five year period, and that the county is currently collecting a one cent sales tax for support and maintenance of the city landfill.
It is my opinion, in light of these facts and circumstances, that a second one cent sales tax is not authorized by Arkansas law, and as such, would be void if enacted. Because the tax may legally be collected, it is unnecessary to determine the purposes to which it could be put.
Under Arkansas law, three provisions authorize the imposition by counties of a one cent sales tax. Two are found in Title 26 of the Arkansas Code at 26-74-201 — 223, and 26-74-301 — 319, entitled "Sales and Use Tax for Capital Improvements", and "Sales Tax for Capital Improvements," respectively. The third provision is a new law, House Bill 1016 of the Extraordinary Session of 1988, to be codified at A.C.A. 14-164-338. This new law, however, authorizes the imposition of the tax for a twelve month period only, and thus cannot be utilized to effectuate the county's five year plan. Our discussion then, will focus upon whether 26-74-201
— 223, and 26-74-301 — 319 each authorize the imposition of a separate one cent sales tax, or whether the two chapters contemplate only a one cent sales tax per county.
It should be noted from the outset that a county or any political subdivision of the state may only tax its citizens under authority granted by the state. English v. Oliver, 28 Ark. 317 (1873). Therefore, some state constitutional or statutory provision must authorize the imposition of the second one cent sales tax contemplated by Nevada County. This is especially true in light of A.C.A. 26-73-103, which grants to county governments the right to levy any taxes not prohibited by law, but expressly states that:
 (g) Until otherwise authorized by the General Assembly, cities and counties shall have no authority to levy any new sales or use taxes after April 1, 1977.
Conversely, in making the determination of whether 26-74-201 — 223, and 26-74-301 — 319 authorize the same one cent tax, or two different taxes, it must be borne in mind that the statutes should be construed, if possible, so that all of their provisions will be effective. Town of Wrightsville v. Walton, 255 Ark. 523,501 S.W.2d 241 (1973). If it is found, however, that the later act, (26-74-201 — 223) covers the entire subject anew, adding new provisions and plainly showing that it was intended as a substitute for the first one, it will be deemed to have superseded any earlier legislation on the subject. Nance v. Williams,263 Ark. 237, 564 S.W.2d 212 (1978).
Both chapters authorize the imposition by a county, upon proper election, of a one cent sales tax. The two chapters contain many identical provisions. In order to determine the legislature's intent in adopting two seemingly overlapping or redundant chapters, and to determine whether that intent was to authorize the imposition of a one cent sales tax under each chapter at the same time, it is necessary to review the order of adoption of the acts themselves, their subsequent amendments, and particular language and provisions contained therein.
Act 991 (Reg. Sess. 1981), now codified at 26-74-301 — 318, became law on April 8, 1981. It is entitled "An Act to Authorize Counties to Levy a One Percent (1%) Sales Tax; Requiring an Election on the Issue and for Other Purposes." The act provides for the calling and holding of an election on the question, and specifies certain procedures for collection of the tax.
Act 26 (Ex. Sess. 1981) was approved on December 1, 1981. It is entitled:
 "An Act Authorizing Counties to Hold an Election for the Levy of a One Percent (1%) Sales and Use Tax; Imposing a Use Tax in Counties which have Adopted a One Percent (1%) Sales Tax Pursuant to Act 991 of 1981; to Require a Rebate for Taxes Paid to a County Pursuant to a Tax Levied Under this Act in Excess of Twenty-Five dollars ($25.00) on a Single Transaction; and for Other Purposes."
Act 26 contains many provisions identical to those found in Act 991, and contains additional provisions imposing a use tax in counties adopting a sales tax under Act 991.
Both acts were amended on March 23, 1983, to provide for the issuance of revenue bonds by counties, and to provide for the pledge of the sales and use tax to retire the bonds. See, Acts 723 and 725 (Reg. Sess. 1983). Both acts were again amended by Act 31 of the First Extraordinary Session of 1987. That act is entitled "An Act to Levy a Local Use Tax in all Counties Which Adopt a Local Sales Tax, to Clarify the Effect of Taxes Levied Pursuant to Act 991 of 1981, or Act 26 of the First Extraordinary Session of 1981; and for Other Purposes. Presumably, there was some confusion under the existing statutes as to whether a sales tax could be imposed without a use tax, thus necessitating Act 31 to "clarify" the law. This confusion most likely arose from the existence of two chapters authorizing counties to levy sales taxes. All of the Amendments are now included in 26-74-201 — 223 and 26-74-301 — 319 of the Arkansas Code; the 1987 Amendments being found in the 1987 Supplement thereto.
Act 26, the later act, (26-74-201 — 223) provides in Section 16, (codified at 26-75-218) that:
 All county sales taxes adopted under the provisions of Act 991 of 1981 [26-74-301 — 319] which are in effect at the time of the effective date of this Act shall remain in full force and effect and are not repealed by the provisions of this Act except that such taxes shall be administered in accordance with this Act.
Although this provision upholds the validity of sales taxes already adopted under the earlier act, it provides for their administration under Act 26. The only provision in Act 26 indicating that Act 991 must still be consulted is section 17 of Act 26 (codified at 26-74-219), which provides:
 In all counties which have, prior to the effective date of this Act, adopted a local sales tax under the provisions of Act 991 of 1981, there is also hereby levied a local compensating (use) tax which shall in all respects be administered and enforced in accordance with the provisions of Act 991 of 1981 and the ordinance levying the local sales tax.
The above section thus indicates that Act 991 still retains some purpose and usefulness. The 1987 Amendment found in Act 31 (Ex. Sess. 1981), however, vitiates this purpose by providing in its final sentence: "Any tax levied under the provisions of this Act [the use tax] shall be levied, collected, and administered in accordance with the provisions of Act 26 of the First Extraordinary Session of 1981." [Emphasis added]. It therefore appears that while sales taxes adopted pursuant to Act 991 are valid, no provisions of the Act govern the administration of either the sales or use tax. With this fact in mind, there is precious little left of Act 991 (A.C.A. 26-74-301 — 319).[1] In light of the foregoing analysis, it is my opinion that A.C.A.26-76-201 — 223 was intended to supersede and amend the provisions of 26-74-301 — 319, authorizing thereby the imposition by a county of only one (1), one cent sales and use tax.
This conclusion is consistent with disjunctive references referring to the taxes found throughout the two acts. Reference is consistently made to taxes adopted under the authority of Act 991 or under the provisions of Act 26. See, Act 26 7 (Ex. Sess. 1981); Act 723, 4(a) (Reg. Sess. 1983); Act 725 1(g) (Reg. Sess. 1983); A.C.A. 26-74-212(a); A.C.A. 26-74-217(a); A.C.A.26-74-303(7); A.C.A. 26-74-223 (Supp. 1987); A.C.A. 26-74-318(a) (Supp. 1987); and A.C.A. 26-74-319 (Supp. 1987).
It is never implied by the language of the acts or the wording of the statutes that the chapters may both be utilized at the same time. Although the question is a close one, and in spite of the fact that an attempt should be made to give effect to all statutory provisions, it is my opinion that at the very least a sizeable doubt exists as to whether the two chapters each authorize their own sales tax. Bearing in mind that all doubts are to be resolved against the taxing power, it must concluded that the second one cent sales tax sought to be passed by Nevada County is unauthorized.
The foregoing opinion, which I hereby approve, was prepared by Assistant Elana L. Cunningham.
[1] It should be noted that many of the inference made relative to the legislative intent found in the acts cannot be drawn from the language of the statutes as codified, since the codification for our purposes uses substantially different language.