Mr. Norman L. Hodges, Director Arkansas State Claims Commission State Capitol Building Little Rock, AR 72201-1011
This is in response to your request for an opinion regarding Act 15 of 1989 and Act 345 of 1989, both of which amend certain Arkansas Code provisions involving the payment of claims to certain injured workers or their survivors. Your specific question is whether, after July 3, 1989, surviving parents are eligible to receive death benefit awards.
It is my opinion that after July 3, 1989, surviving parents are not included within those who are eligible for the awards. This conclusion is compelled by the passage of Act 345 of 1989 on March 6, 1989.* We do not yet have the benefit of case law interpreting Act 345. This opinion is therefore based upon an interpretation of the act. ___________. * Act 345 contains no emergency clause, and thus became effective July 3, 1989. ___________.
It should be initially noted that provision was made under Act 15 of 1989 for the payment of benefits to the surviving parents of certain persons killed in the line of duty. This act was approved by the Governor on February 3, 1989, and contained an emergency clause. The act amended A.C.A. 21-5-704(a)(1) and (b) and21-5-705(a) and (c) to include surviving parents within the list of those entitled to the death benefits.
Act 345 of 1989, however, only extends benefits to the spouse or surviving children of the listed officers and employees. While it is true that statutes on the same general subject must be reconciled and construed together, if possible, particularly where the acts were passed during the same legislative session (Sargent v. Cole, 269 Ark. 121, 598 S.W.2d 749 (1980)), it is my opinion that Acts 15 and 345 of 1989 cannot be reconciled with respect to the listing of eligible beneficiaries. The conflict in this regard is unavoidable, particularly in view of the fact that Act 345 amends Sections 21-5-704 and 21-5-705 in their entirety, rather than focusing upon specific subsections, as does Act 15. Where a later act covers the entire subject matter anew, adding new provisions and plainly showing that it was intended as a substitute for the first one, it will be deemed to have superseded any earlier legislation on the subject. Nance v. Williams,263 Ark. 237, 564 S.W.2d 212 (1978). This precept supports the proposition in this instance that Act 345, which rewrites the test of 21-5-704 and 21-5-705, adding a subsection to 21-5-705, and adding new categories of personnel to both Code sections, supersedes Act 15. The reference in the title of Act 345 to increased benefits "to the spouse or surviving children of law enforcement officers" also suggests this result.
It is my opinion that if faced with this question, a court would in all likelihood conclude that Act 345, the later act, controls. See also State v. Lawrence, 246 Ark. 644, 439 S.W.2d 819 (1969).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.