The Honorable James C. Scott State Senator 321 State Hwy. 15 North Warren, AR 71671
Dear Senator Scott:
This is in response to your request for an opinion regarding a medicaid program regulation that prohibits a pharmacy from selling drugs to the public or insurance companies at a lower price than that charged for drugs dispensed under the medicaid program and any civil or criminal penalties that may be assessed against pharmacies that violate the regulation.
I assume you are referring to Section No. 241.1 of the Arkansas Medicaid Program Pharmacy Manual, which provides that a pharmacist must bill the Medicaid Program the usual and customary charge billed to the general public. See Arkansas Medicaid Program Pharmacy Manual, Sec. 241.1, at II-27; see also Sec. 219, at II-30, governing usual and customary charges. While this regulation appears to be directed at prohibiting a pharmacist from billing the Medicaid Program more for a drug than he or she charges the general public, it would also appear to have the converse effect of prohibiting a pharmacist from charging the general public less than he or she bills the Medicaid Program for a drug. Whether this prohibition would extend to insurance companies or other third party arrangements is not clear from the text of the regulation or supporting materials. Ultimately, it appears that whether a particular situation violates the regulation will have to be determined on a case by case basis, by a court presented with all the pertinent evidence.
With respect to any civil or criminal penalties that may be assessed against pharmacists violating the above regulation, it must be noted that the Arkansas Code imposes various penalties upon individuals who are found to have committed medicaid fraud. See, e.g., A.C.A. 5-55-107 and -108 (1993 Repl.); see also A.C.A. 20-77-903 (Supp. 1993). According to A.C.A. 5-55-111(9)(A), a person commits medicaid fraud when he "purposely charges, for any service provided to a patient under the Arkansas Medicaid Program, money or other consideration at a rate in excess of the rates established by the state." As the Medicaid Program regulation referred to above requires a pharmacist to bill the Medicaid Program the usual and customary charge billed to the general public, it seems that violating that regulation would constitute charging for a service to a medicaid patient in excess of the rates established by the state within the meaning of5-55-111(9)(A). Thus, if a pharmacist bills the Medicaid Program more than his usual and customary charge to the general public, he or she would appear to be committing medicaid fraud. As noted above, however, it is not clear whether the term "general public" as used in this context encompasses insurance companies.
Under A.C.A. 5-55-103, the offense of medicaid fraud is classified as a Class B or C felony, or as a Class A misdemeanor, depending upon the amount of payments illegally claimed. Of course, all criminal punishments ordinarily applicable to such offenses under A.C.A. 5-4-201 and 5-4-401
would be applicable to the offense of medicaid fraud as well. In addition to the fines and sentences authorized in those sections, 5-55-107 provides that any person found guilty of medicaid fraud shall be required to make full restitution to the Department of Human Services and to pay a mandatory fine of three times the amount of all payments judicially found to have been illegally received from the Arkansas Medicaid Program or its fiscal agents. See A.C.A. 5-55-107(a) (1993 Repl.). A person found guilty of medicaid fraud may also be required to pay a fine into the state treasury of up to $3,000 for each claim fraudulently submitted to the Medicaid Program. A.C.A. 5-55-107(b). Finally, the provider agreement between a person and the Department of Human Services may be suspended or revoked if the person is found guilty of violating the medicaid fraud provisions of 5-55-101 et seq.
Civil penalties for the commission of acts constituting medicaid fraud are set out in both A.C.A. 5-55-108 (Repl. 1993) and A.C.A. 20-77-903 (Supp. 1993).[1] Section5-55-108(a) provides that, if, pursuant to a civil action a judgment is obtained against an individual on allegations that he or she fraudulently received payment from the Arkansas Medicaid Program or its fiscal agents, such person shall be required to pay a civil penalty of two times the amount of all payments judicially found to have been fraudulently received from the Medicaid Program or its fiscal agents. If, pursuant to a civil action, a judgment is obtained against an individual on allegations that he or she fraudulently submitted any claim to the Medicaid Program or its fiscal agents, that person may be required to pay a civil penalty of up to $2,000 for each claim judicially found to have been fraudulently submitted to the Medicaid Program. A.C.A.5-55-108(b). Violators may also be required to pay all reasonable expenses incurred in the enforcement of the medicaid fraud laws. A.C.A. 5-55-108(c).
Under A.C.A. 20-77-903 (Supp. 1993), civil penalties are authorized for, among other things, "knowingly" charging for a service provided to a medicaid patient in excess of the rates established by the state. Any person found to have committed this or other acts prohibited under 20-77-902, shall be deemed liable to the state for full restitution and for a civil penalty of not less than $5,000 and not more than $10,000 for each violation, plus three times the amount of all payments judicially found to have been fraudulently received from the Arkansas Medicaid Program or its fiscal agents. Cooperation by the individual may reduce the penalty to not more than two times the amount of damages sustained by the state as a result of the person's actions. A person violating20-77-901 et seq. shall also be liable to the State for the costs of any civil action brought to recover any such penalty or damages. A.C.A. 20-77-903(b) (Supp. 1993). It must be noted, however, that the penalties of 20-77-903 and 5-55-107
are mutually exclusive; that is, they may not both be imposed for the same conduct. See A.C.A. 5-55-109 (1993 Repl.).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
[1] Although it is well-established that repeals by implication are not favored under Arkansas law, a court might find that5-55-108 was impliedly repealed by 20-77-903, which covers anew the entire subject of civil penalties for medicaid fraud. See Nance v. Williams, 263 Ark. 237, 564 S.W.2d 212 (1978) (holding that when a later act covers the entire subject matter of an earlier one, adding new provisions and plainly showing that it was intended as a substitute for the first act, the older act is repealed by implication).