Kenneth ELMORE, Mayor for the City of Huntington,
Vickii Strange, Recorder and Treasurer for the City of
Huntington, City of Huntington, Huntington City Council,
and J.B. Lawrence, Terry Landon, Joe Elmore,
Harold Freeman, Mike Winters, and Diane Embry,
Members of the Huntington City Council *v.*
Sue BURKE and Charles Chapman

98-704                                           987 S.W.2d 730

Supreme Court of Arkansas
Opinion delivered April 15, 1999

*Orville C. Clift, P.A.*, for appellant.

*Dan S. Nelson*, for appellee.

Tom Glaze, Justice. This case is certified to us by the court of appeals under Ark. Sup. Ct. R. 1-2(b)(1), (4) and (d), and requires the interpretation of Ark. Code Ann. § 25-19-106(b)(2) (Repl. 1996), the notice provision of the Arkansas Freedom of Information Act (FOIA). Appellees Sue Burke and Charles Chapman (hereafter "Burke") initiated this litigation against Huntington city officials Mayor Kennith Elmore, Recorder and Treasurer Vickii Strange, and council members J. B. Lawrence, Terry Landon, Joe Elmore, Harold Freeman, Mike Winters, and Diane Embry (collectively referred to as the "City"). Burke filed suit after the City terminated its chief of police, Jonathan Efurd, on April 10, 1997. Burke alleged that the City violated the FOIA when it terminated Efurd, and requested the circuit court to (1) declare the City's action invalid, (2) order the City to comply with FOIA notice provisions when holding future meetings, and (3) award Burke reasonable attorney's fees and costs. The City denied Burke's allegations. After a hearing on the merits, the circuit court granted Burke the relief requested after finding that the City's action against Efurd violated § 25-19-106(b)(2) of the FOIA by failing to give notice to the appropriate media representatives of the April 10, 1997 meeting. The trial court awarded Burke $1,500.00 in attorney's fees and $144.00 in costs.

The facts leading to Efurd's dismissal are largely undisputed. In brief, Efurd had served as Huntington's chief of police until Kennith Elmore was appointed mayor to fill the vacancy left when the prior mayor died. Sometime after Elmore assumed office, differences arose between him and Efurd which resulted in Efurd going to his office at city hall on April 8, 1997, to remove his personal items. Mayor Elmore and certain council members met Efurd at city hall. While no formal action took place on April 8, apparently Burke, having observed the group from her house, telephoned Mayor Elmore to ask why the group was meeting. Elmore purportedly responded that the meeting was none of her concern. Burke went to city hall the next day to make further inquiry, but she claimed the city officials were rude and asked her to leave the building. On April 10, 1997, the mayor and council members formally met and decided to ask Efurd to either resign or be terminated. When Efurd refused to resign, he was terminated

during the April 10 meeting. The record reflects only the local newspaper, *The Mansfield Citizen,* had been notified of the April 10 special meeting, and no media representatives had been notified of the April 8 gathering. Burke filed this suit on April 23, 1997, and was granted relief under the FOIA as set out above.

In short, the circuit court held that, in conducting the April 10 meeting, the City violated the notice provision of the FOIA which reads as follows:

> (2) In the event of emergency or special meetings, the person calling the meeting shall notify the representatives of newspapers, radio stations, and television stations, if any, located in the county in which the meeting is to be held and any news media located elsewhere which cover regular meetings of the governing body and which have requested to be so notified of emergency or special meetings of the time, place, and date of the meeting. Notification shall be made at lease two (2) hours before the meeting takes place in order that the public shall have representatives at the meeting.

Ark. Code Ann. § 25-19-106(b)(2) (Repl. 1996). The circuit court interpreted this statutory provision pertaining to emergency or special meetings to mean that notice must be given to any and all news media located *in the county* where the meeting is to be held, even though no member of the media may request such notice. Accordingly, because the City had only notified the Mansfield paper and not any other media in Sebastian County, the circuit court held that the City failed to comply with § 25-19-106(b)(2) and, as a consequence, its April 10 meeting was invalid. We disagree with the circuit court's interpretation.

In *Nance v. Williams,* 263 Ark. 237, 564 S.W.2d 212 (1978), this court construed essentially the same foregoing provision of the FOIA when it was previously codified at Ark. Stat. Ann. § 12-2805 (Repl. 1979). That section provided as follows:

> In the event of emergency, or special meetings the person calling such a meeting shall notify the representatives of the newspapers, radio stations, and television stations, if any, located in the county in which the meeting is to be held and which have requested to be so notified of such emergency or special meetings, of the time, place and date at least two (2) hours before such

a meeting takes place in order that the public shall have represent-
atives at the meeting.

Ark. Stat. Ann. § 12-2805 (Repl. 1979). In *Nance*, taxpayers filed
suit against the Beedeville School District directors, alleging the
directors' emergency meeting calling a bond issue election was
void because no advance notice was given to the press. The *Nance*
court rejected the taxpayers' contention and held no such notice
was required by the FOIA under § 12-2805, because none of the
news media had requested it. 263 Ark. at 238, 564 S.W.2d at 213.
The *Nance* court's plain reading of § 12-2805 reflected that the
FOIA required the school board (public agency) to notify media
representatives in the county where the meeting is to be held, but
only when such media members had requested notice of such
emergency or special meetings. *Id.*

After the *Nance* decision, § 12-2805 was amended by Act 843
of 1985, and recodified at Ark. Code Ann. § 25-19-106(b)(2)
(Repl. 1996), but that amendment in no way changed the FOIA's
notice provision that required the media to request notice of any
special or emergency meeting. Instead, the Act merely added the
words "and any news media located elsewhere which cover regular
meetings of the governing body." 1985 Ark. Acts 843. This
added language merely empowered the media located *outside the
county* where a public agency meets to request notice of any emer-
gency or special meetings. As explained in Act 843's emergency
clause, the General Assembly recognized that, in some instances,
the principal newspaper serving the patrons of a school district is
located outside the county in which the district is located; by
enacting Act 843, the General Assembly provided that notice of
emergency or special meetings should be given the newspaper
serving those patrons *when the newspaper requests such notice.*

■ ■ In sum, we hold that § 25-19-106(b)(2) provides
that the news media located in the county where the meeting is
held and those located elsewhere that cover regular meetings of
the body may request that they be notified of special and emer-
gency meetings; absent such a request, no notice is required. *See*
JOHN WATKINS, ARKANSAS FREEDOM OF INFORMATION ACT
299 (3d ed. 1998). Accordingly, we conclude that, because no
media representatives in Sebastian County requested notification

of any special or emergency meeting of the city officials of Huntington, § 25-19-106(b)(2) was not violated and the City's April 10 meeting was valid.

■ As a final matter, we recognize that the City has raised two alternative arguments for reversal, namely, that the circuit court erred in invalidating the action taken by the city council during the April 10 meeting, and that it was error to award Burke attorney's fees and costs. Because we reverse based upon the City's first argument, we likewise conclude that the circuit court erred in invalidating the action taken by the city council at the April 10 meeting and in awarding Burke attorney's fees and costs.[1] Thus, we reverse and remand this case and direct the circuit court to enter an order consistent with this opinion.

---

[1] The FOIA authorizes a court to assess against the defendant attorney's fees and other litigation expenses reasonably incurred by a *plaintiff who has substantially prevailed* unless the court finds that the position of the defendant was substantially justified or that other circumstances make the award of those expenses unjust. *See* Ark. Code Ann. § 25-19-107(d) (Repl. 1996).