The Honorable Margaret Meads, Chair State Board of Review P.O. Box 8016 Little Rock, AR 72203
Dear Ms. Meads:
You have requested an Attorney General opinion concerning the inter-relation of certain confidentiality provisions of the employment security statutes with the Freedom of Information Act (FOIA).
You note that the provisions of A.C.A. § 11-10-106(d) and A.C.A. §11-10-314 prohibit the disclosure of certain information related to the administration of the employment security statutes. This information is often discussed in meetings of the Board of Review, which is subject to the open meetings requirement of the FOIA. There is therefore a concern as to whether discussing such information in an open meeting would violate the confidentiality provisions. There is also a concern about the records containing this information, and whether they are subject to the disclosure requirements of the FOIA.
Accordingly, you have asked:
 (1) In light of the provisions of A.C.A. § 11-10-106(d) and A.C.A. § 11-10-314, must the Board of Review notify the media of its regular meetings, or of any special or emergency meetings, if no request has been made for this information?
 (2) May the Board of Review go into executive session to conduct its business, specifically to determine whether a claimant is entitled to unemployment insurance benefits, in order to meet the confidentiality provisions of A.C.A. § 11-10-314?
 (3) Are the files of the Board of Review and of the Appeal Tribunal concerning specific claims for unemployment benefits exempt from disclosure?
RESPONSE
Question 1 — In light of the provisions of A.C.A. § 11-10-106(d)and A.C.A. § 11-10-314, must the Board of Review notify the mediaof its regular meetings, or of any special or emergency meetings,if no request has been made for this information?
It is my opinion that that if no notice of the Board's regular or special meetings has been requested, the Board is not required to give notice. (This conclusion will obtain regardless of whether the information to be discussed at the meeting is subject to the confidentiality provisions or not.)
The FOIA requires that notice of meetings be given only to parties who have requested it.
The notice requirements of the FOIA state:
 (b)(1) The time and place of each regular meeting shall be furnished to anyone who requests the information.
 (2) In the event of emergency or special meetings, the person calling the meeting shall notify the representatives of the newspapers, radio stations, and television stations, if any, located in the county in which the meeting is to be held and any news media located elsewhere which cover regular meetings of the governing body and which have requested to be so notified of emergency or special meetings of the time, place, and date of the meeting. Notification shall be made at least two (2) hours before the meeting takes place in order that the public shall have representatives at the meeting.
A.C.A. § 25-19-106(b)(1)(2).
The Arkansas Supreme Court has held that the above-quoted provisions require that notice of both regular and special meetings be given only to those who have requested it. See Elmore v. Burke, 337 Ark. 235,987 S.W.2d 730 (1999); Nance v. Williams, 263 Ark. 237, 564 S.W.2d 212
(1978). This holding may seem confusing, in light of the language of section (b)(2), which could be interpreted to mean that notice of special meetings must be given to media within the county, even if notice has not been requested. The Elmore court explained why this interpretation is incorrect.
In Nance, supra, the court had interpreted the previous version of the notice requirement. That version stated:
 In the event of emergency, or special meetings the person calling such a meeting shall notify the representatives of the newspapers, radio stations, and television stations, if any, located in the county in which the meeting is to be held and which have requested to be so notified of such emergency or special meetings, of the time, place and date at least two (2) hours before such a meeting takes place in order that the public shall have representatives at the meeting.
Ark. Stat. Ann. § 12-2805 (Repl. 1979). The Nance court held that this provision required that notice of special meetings be given only to media who requested it.
In 1985, by Act 843, the notice provisions were amended to the current form, adding the clause concerning notice to media outside the county. The amendment simply inserted the phrase "and any news media located elsewhere which cover regular meetings of the governing body" before the phrase "and which have requested to be so notified[.]" The emergency clause of Act 843 indicated unequivocally that the General Assembly did not intend to disturb the Nance court's holding, but rather, only intended to assure that media located outside the county be permitted to receive notice of meetings if they requested it. The emergency clause stated in pertinent part:
 It is hereby found and determined by the General Assembly that the provisions of the Freedom of Information Act require notice of emergency on special meetings of school boards to be given only to those newspapers located in the county in which the meeting is to be held; that in some instances the principal newspaper serving the patrons of the district is printed outside the county in which the district is located; that it is essential to the effective and efficient administration of each school district that notice of such meetings be given to the principal newspaper serving the patrons of the district when the newspaper requests such notice[.]
Acts 1985, No. 843, Emergency Clause.
The foregoing is an explicit statement by the General Assembly of its intent that media located outside the county must request notice in order to be entitled to receive notice.
On the basis of the foregoing, the Elmore court interpreted the amended version (i.e., the current version) of the notice provision to require that notice be given only to parties who have requested notice.
Accordingly, I must conclude that if the Board of Review does not receive a request for notice of its meetings, it need not give notice, regardless of whether it will be discussing confidential information or not.
Question 2 — May the Board of Review go into executive session to conductits business, specifically to determine whether a claimant is entitled tounemployment insurance benefits, in order to meet the confidentialityprovisions of A.C.A. § 11-10-314?
It is my opinion, as explained more fully below, that the Board of Review may not go into executive session to conduct the business of determining whether a claimant is entitled to unemployment insurance benefits.
The FOIA permits executive sessions only for the limited purposes stated in the Act. The provision concerning executive sessions states:
 (c)(1) Executive sessions will be permitted only for the purpose of considering employment, appointment, promotion, demotion, disciplining, or resignation of any public officer or employee. The specific purpose of the executive session shall be announced in public before going into executive session.
A.C.A. § 25-19-106.
The personnel-related matters that are listed in the above-quoted section of the FOIA refer, of course, to the agency's own personnel-related matters. Because the business of determining whether a claimant before the Board of Review is entitled to unemployment insurance benefits is not one of the issues for which executive sessions may be held, I must conclude that the Board may not go into executive session for that purpose.
The question thus arises as to whether the confidentiality provisions of A.C.A. § 11-10-106(d) and A.C.A. § 11-10-314 create an exception to the FOIA's open meetings requirement, since the information that must be held confidential under those statutes is necessarily discussed at Board meetings. It is my opinion that these provisions do not create such an exception.
The pertinent portions of these two laws state:
 11-10-106(d). If any employee or member of the Board of Review, the director, or any employee of the director, in violation of the provisions of § 11-10-314, makes any disclosure of information obtained from any employing unit or individual in the administration of this chapter; if any person who has obtained any list of applicants for work, or of claimants or recipients of benefits, under this chapter shall use or permit the use of the list for any political purpose; or if any person who has lawfully obtained information from the Arkansas Employment Security Department which was obtained from any employing unit or individual pursuant to the administration of this chapter makes an unlawful use or disclosure of such information or uses or discloses such information in a manner inconsistent with the purposes for which it was lawfully obtained, then that person shall be fined not less than twenty dollars ($20.00) nor more than two hundred dollars ($200) or imprisoned for not longer than ninety (90) days, or both.
 11-10-314(a)(1). Except as otherwise provided in this section, information obtained by the Director of the Arkansas Employment Security Department from any employing unit or individual pursuant to the administration of this chapter and any determination as to the rights or status of any employer or individual made by the director pursuant to the administration of this chapter shall be held confidential and shall be protected by government privilege.
Although it is true that the FOIA contains a "catch-all" exemption that allows other laws to operate as exemptions to the FOIA, it is my opinion that the above-quoted confidentiality statutes are insufficient to do so with regard to meeting in private.
The "catch-all" provision noted above states:
 (a) Except as otherwise specifically provided by law, all meetings, formal or informal, special or regular, of the governing bodies of all municipalities, counties, townships, and school districts and all boards, bureaus, commissions, or organizations of the State of Arkansas, except grand juries, supported wholly or in part by public funds or expending public funds, shall be public meetings.
A.C.A. § 25-19-106(a) (emphasis added).
In order for another law to qualify as an exemption from the FOIA under the above-quoted provision (or under its companion provision for records, A.C.A. § 25-19-105), it must state "specifically" that it is intended to operate as an exemption to the FOIA. (For a discussion of this specificity issue with regard to meetings, see Watkins, The Freedomof Information Act (mm Press, 3rd Edition, 1998 at 291 et seq.) The confidentiality provisions of A.C.A. § 11-10-106(d) and A.C.A. §11-10-314 do not do so with respect to meetings. In construing the FOIA and statutes impacting the intent of the FOIA, the Arkansas Supreme Court will favor openness. See, e.g., Arkansas Dep't of Fin. Admin. v.Pharmacy Assocs., 333 Ark. 451, 970 S.W.2d 217 (1998); Arkansas DOH v.Westark Christian Action, 322 Ark. 440, 910 S.W.2d 199 (1995). Moreover, the court has consistently held that any exemption from disclosure under the FOIA is to be narrowly construed. See, e.g., Arkansas Dep't of Fin. Admin. v. Pharmacy Assocs., 333 Ark. 451, 970 S.W.2d 217 (1998);Stilley v. McBride, 332 Ark. 306, 965 S.W.2d 125 (1998); Arkansas DOH v.Westark Christian Action, 322 Ark. 440, 910 S.W.2d 199 (1995); Byrne v.Eagle, 319 Ark. 587, 892 S.W.2d 487 (1995); Johninson v. Stodola,316 Ark. 423, 872 S.W.2d 374 (1994); Legislative Joint Auditing Comm. v.Woosley, 291 Ark. 89, 722 S.W.2d 581 (1987). Thus, when the scope of an exemption is unclear or ambiguous, the court will interpret it in a manner that favors disclosure. Young v. Rice, 308 Ark. 593,826 S.W.2d 252 (1992); Ragland v. Yeargan, 288 Ark. 81, 702 S.W.2d 23
(1986).
Because the confidentiality provisions refer broadly to "information," and not to meetings, and because they do not specifically state an intent to operate as exemptions to the FOIA open meetings requirement, I must conclude that they are not specific enough to operate in this manner. They therefore do not authorize the Board to meet privately.
I must emphasize that this opinion should not be construed as requiring the Board to divulge information that is subject to the confidentiality provisions. Indeed, the confidentiality provisions of A.C.A. §11-10-106(d) and A.C.A. § 11-10-314 are explicit in their requirement that the information specified therein be kept confidential. The Board of Review would violate these confidentiality requirements if it discussed such information in public.
I believe that it is possible for the Board to conduct its meetings without violating these confidentiality provisions. It can do so by referring to claimants and employer by number or other identifying indicator that would suffice for the Board members' communication with each other, but would not divulge information that must be held confidential. I acknowledge that conducting meetings in this manner may be burdensome to the Board. If this is the case, the remedy must be fashioned legislatively.
Question 3 — Are the files of the Board of Review and of the AppealTribunal concerning specific claims for unemployment benefits exempt fromdisclosure?
It is my opinion that the files of the Board of Review and of the Appeal Tribunal concerning specific claims for unemployment benefits are exempt from disclosure, to the extent that they contain the type of information that is deemed confidential under A.C.A. § 11-10-106(d) or A.C.A. §11-10-314. That is, the particular information that is subject to these provisions cannot be disclosed. Thus, the files themselves should not be disclosed without having had the exempt information redacted from the files before they are disclosed.
Like the open meetings requirement of the FOIA (discussed in response to Question 1), the open records requirement of the FOIA contains a "catch-all" exemption from the general requirement that public records be disclosed. The pertinent provision of the FOIA states:
 (a) Except as otherwise specifically provided by this section or by laws specifically enacted to provide otherwise, all public records shall be open to inspection and copying by any citizen of the State of Arkansas during the regular business hours of the custodian of the records.
A.C.A. § 25-19-105(a) (emphasis added).
My predecessor opined that the provisions of A.C.A. § 11-10-314, if construed narrowly, can constitute the type of exception that is referred to in the language quoted above. See Ops. Att'y Gen. Nos. 94-203; 94-170; 91-003. Professor John Watkins, an academic commentator on the FOIA, has expressed the same view. See Watkins, The Arkansas Freedom ofInformation Act (3rd Ed., 1998, 154-55). I concur in this conclusion. If the provisions of A.C.A. § 11-10-106(d) and A.C.A. § 11-10-314 are narrowly construed to exempt the disclosure only of the specific types of information that are deemed confidential under their provisions, they do, in my opinion, constitute exemptions to the disclosure requirements of the FOIA.
Although I cannot comment on the disclosability of particular files without reviewing the contents thereof, I note that files concerning specific claims for unemployment benefits would, of necessity, contain at least some information that is deemed confidential under the provisions of A.C.A. § 11-10-106(d) and A.C.A. § 11-10-314. Therefore, any confidential information contained in those files must be redacted if the files are disclosed.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh