The Honorable Sandra D. Rodgers State Representative P.O. Box 595 Hope, AR 71802-0595
Dear Representative Rodgers:
I am writing in response to your request for my opinion on various questions relating to the Arkansas Freedom of Information Act, A.C.A. §25-19-101 et seq. (Repl. 1996 Supp. 2001) (the FOIA). You have offered the following factual summary by way of background:
 The Hope Star learned that a meeting of the Board of Visitors at the University of Arkansas Community College at Hope (UACCH) had been called for February 7, 2002. The Hope Star did not receive notice of this meeting. The Star sent a reporter (Mr. Ken McLemore) to attend the meeting. Mr. McLemore was asked to leave by Chancellor Dr. James Taylor. He was later contacted by the President of the Board of Visitors and told that the board did not agree with Dr. Taylor's opinion that the meeting should be closed to the press.
You have further provided me an "Abstract of facts" under the letterhead of the Hope Star, which further reports: (1) that the University of Arkansas and Red Rock Technical College in Hope executed a merger agreement in 1996, pursuant to which the latter institution became UACCH; (2) that the Hope Star had not requested notice of the meeting at issue or any previous meeting; (3) that the Hope Star had not regularly covered previous meetings; (4) that Dr. Taylor initially decided to bar Mr. McLemore from attending the meeting upon the advice of University of Arkansas legal counsel Fred Harrison, who had opined that the UACCH Board of Visitors meetings were not subject to the open-meetings requirement of the FOIA because the UACCH board was purely "advisory" to the University of Arkansas Board of Trustees; (5) that the Board of Visitors took strong issue with the idea of barring the public or the media from its meetings; (6) that the Board of Visitors "directed" Chancellor Taylor to notify the media of subsequent board meetings and to invite their attendance; and (7) that Chancellor Taylor subsequently assured Mr. McLemore he would comply with this directive. Against this backdrop, you have posed the following questions:
 1. Generally, are meetings of boards and commissions of tax-supported institutions, operating with both state and local funding, subject to notice to the media under the FOIA, and are those meetings open to attendance by both the public and media under the FOIA?
 2. Harrison's letter (see enclosed) argues that the Board of Visitors acts as an "advisory" board to the UA System, and is not, therefore, subject to the FOIA. However, he also points out that the Board of Visitors' meeting minutes is [sic] subject to the FOIA. Should the conduct of a meeting be subject to the FOIA if its minutes are public records under the FOIA?
 3. Generally, under Arkansas Gazette Co. v. Pickens, 258 Ark. 69, 522 S.W.2d (1975), committees or subcommittees of a governing body are subject to the requirements of the FOIA. Does the "advisory" status of the UACCH Board of Visitors to the UA System Board of Trustees constitute it as a committee or subcommittee of the UA System Board of Trustees under the terms of the merger agreement of 1996? If so, does that committee or subcommittee status require the meetings of the Board of Visitors to be subject to the FOIA?
 4. Generally, under North Central Association of Colleges and Schools v. Troutt Brothers, Inc., d/b/a The Jonesboro Sun, 261 Ark. 378, 548 S.W.2d 825 (1977), organizations operating in part with public funds are subject to the requirement of the FOIA. Does the public funding support of the operations of the University of Arkansas Community College at Hope require that its Board of Visitors be subject to the requirements of the FOIA?
RESPONSE
With respect to your first question, so long as the referenced "boards and commissions" are governmental and have decision-making power, their meetings must be open and announced. By contrast, if the boards and commissions function in a purely advisory capacity, no open-meetings requirement applies. With respect to your second question, under the FOIA, if UACCH qualifies as a governmental entity, its records must be made available for public inspection. However, meetings of the UACCH Board of Visitors must be open and announced only if that body has decision-making power over UACCH operations. With respect to your third question, I do not believe the UACCH Board of Visitors qualifies as a "committee or subcommittee of the UA System Board of Trustees" of the sort at issue in Pickens, in which the court held that the FOIA necessarily applied because the committee at issue was itself composed of UA board members. In my opinion, the UACCH board, which contains no UA board members, will be subject to the FOIA's open-meetings requirement only if UACCH qualifies as a governmental entity and the Board has decision-making power over UACCH affairs. With respect to your fourth question, again, so long as UACCH qualifies as a governmental entity, it will be subject to the FOIA with respect to its records. However, establishing as much does not necessarily mean that the meetings of the UACCH Board of Visitors must be open and announced. As reflected in my previous responses, the FOIA's open-meetings requirement will apply only if the Board has decision-making power over UACCH affairs. This office is neither equipped nor authorized to make this factual determination.
Question 1: Generally, are meetings of boards and commissions oftax-supported institutions, operating with both state and local funding,subject to notice to the media under the FOIA, and are those meetingsopen to attendance by both the public and media under the FOIA?
Subsection 25-19-106(a) of the Code provides in pertinent part:
 Except as otherwise specifically provided by law, all meetings, formal or informal, special or regular, of the governing bodies of . . . all boards . . . of the State of Arkansas . . . supported wholly or in part by public funds or expending public funds, shall be public meetings.
In my opinion, assuming the "boards and commissions" referenced in your question qualify as "governing bodies," their meetings must be open to both the public and the media under the statutes recited above.
With respect to the issue of notice, A.C.A. § 25-19-106(b) provides:
 (1) The time and place of each regular meeting shall be furnished to anyone who requests the information.
 (2) In the event of emergency or special meetings, the person calling the meeting shall notify the representatives of the newspapers, radio stations, and television stations, if any, located in the county in which the meeting is to be held and any news media located elsewhere which cover regular meetings of the governing body and which have requested to be so notified of emergency or special meetings of the time, place, and date of the meeting. Notification shall be made at least two (2) hours before the meeting takes place in order that the public shall have representatives at the meeting.
Although subsection (b)(2) of this statute might be read to require notice of emergency or special meetings to all media within the county, the Arkansas Supreme Court has held that the above-quoted provisions require that notice of both regular and special meetings be given only to those who have requested it. See Elmore v. Burke, 337 Ark. 235,987 S.W.2d 730 (1999); Nance v. Williams, 263 Ark. 237, 564 S.W.2d 212
(1978); Ark. Op. Att'y Gen. No. 2001-040 (attached) (discussing the legislative history in support of this reading). Moreover, although an executive session to consider employment matters of the sort described in A.C.A. § 25-19-106(c) may be closed, any such session must be publicly announced.
The FOIA does not define the term "governing body," and the Arkansas Supreme Court has never found occasion to address the issue. However, the Attorney General has consistently taken the position that the pertinent question in determining whether a group constitutes a "governing body" is whether the group has decision-making authority. See, e.g., Ark. Ops. Att'y Gen. Nos. 2001-324, 2000-051 and 99-407; see also J. Watkins, TheArkansas Freedom of Information Act 49 et seq. (3rd ed. 1998). Groups that are advisory in nature do not generally constitute "governing bodies" and consequently are not subject to the FOIA's open-meetings requirement. Given the factual nature of the inquiry, the question of whether a particular group constitutes a "governing body" is one that this office cannot definitively answer. In my opinion, however, the mere fact that a merger document characterizes the role of a particular body as "advisory" will not be dispositive in determining whether the FOIA's open-meetings requirement applies. At issue in making this determination will be the board's actual decision-making power.
Question 2: Harrison's letter (see enclosed) argues that the Board ofVisitors acts as an "advisory" board to the UA System, and is not,therefore, subject to the FOIA. However, he also points out that theBoard of Visitors' meeting minutes is [sic] subject to the FOIA. Shouldthe conduct of a meeting be subject to the FOIA if its minutes are publicrecords under the FOIA?
The FOIA defines the term "public records" as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A). Subsection 25-19-105(a)(1) provides:
Except as otherwise specifically provided by this section or by laws specifically enacted to provide otherwise, all public records shall be open to inspection and copying by any citizen of the State of Arkansas during the regular business hours of the custodian of the records.
Applying these statutes, if UACCH qualifies as a governmental entity, its records as defined are subject to disclosure. This conclusion would apply even if its Board of Visitors were deemed purely advisory and as such exempt from the FOIA's open-meetings requirement. As noted by Professor Watkins:
 The FOIA's "public funding" provision should be sufficient to make the records of advisory groups subject to inspection under the act even though their meetings can apparently be closed to the public. This seemingly contradictory result follows from the fact that the open meeting requirement applies only to "governing bodies. . . ." Insofar as records are concerned, the Arkansas courts will not be required to draw the line between a governing body and one that is merely advisory, for the FOIA applies to the records of any entity "wholly or partially supported by public funds or expending public funds." Because advisory bodies established by government agencies generally receive direct public funding for their activities and are involved in matters of public concern, their records are subject to the act. Moreover, advisory committee records should be available under the act directly from the government agency that the group was established to assist.
Watkins, supra at 54-55 (footnotes omitted). In short, the mere fact that a board's minutes are subject to disclosure under the FOIA does not mean that the board's meetings must be open and announced. As discussed in my response to your previous question, the FOIA's open-meetings requirement applies only to boards that have decision-making authority.
Question 3: Generally, under Arkansas Gazette Co. v. Pickens,258 Ark. 69, 522 S.W.2d (1975), committees or subcommittees of a governingbody are subject to the requirements of the FOIA. Does the "advisory"status of the UACCH Board of Visitors to the UA System Board of Trusteesconstitute it as a committee or subcommittee of the UA System Board ofTrustees under the terms of the merger agreement of 1996? If so, doesthat committee or subcommittee status require the meetings of the Boardof Visitors to be subject to the FOIA?
Pickens stands for the proposition that a governing body that would otherwise be subject to the open-meetings requirement of the FOIA cannot avoid its obligation to conduct its affairs in public by breaking into committees and deliberating in private. The court described as follows the mischief to be avoided:
 [A] parent body could divide itself into groups of small committees, each member of the committee thus having a chance to commit himself concerning a matter on which foreseeable action would be taken by the parent authority, and the public would have no opportunity to be heard. . . . [T]he action of the entire parent body in a public meeting would thus be only an affirmation of the various secret committee meetings that had been held.
258 Ark. at 75. In my opinion, this evil does not exist if a "committee" contains no members of the decision-making governing body. If the purpose of such a committee is indeed purely advisory, I believe its meetings need not be public and announced under the FOIA. As reflected in my response to your first question, I cannot opine whether the UACCH Board of Visitors indeed functions in a purely advisory capacity either by practice or under the terms of the merger agreement.
As suggested above, my response would be different if a governing body were to delegate its decision-making authority to another body. In my opinion, if a governing body in fact delegates its decision-making authority, rendering the "committee" itself a "governing" rather than "advisory" body, the open-meetings requirement will clearly apply. As Professor Watkins observes:
 The FOIA's open meeting requirements apply to meetings of groups other than committees composed of members of the governing body, if decision-making authority has been delegated to those groups. For example, in Baxter County Newspapers, Inc. v. Medical Staff of Baxter General Hospital, [273 Ark. 511, 622 S.W.2d 495 (1981),] the Supreme Court held that meetings of the "credentials committee" of the medical staff at a county hospital must be open to the public. Acting pursuant to authority delegated by the hospital's board of governors, the staff and the committee — both of which consisted of physicians rather than members of the board — determined whether particular doctors would be allowed to practice at the facility. Under these circumstances, the medical staff is a "governing body" subject to the FOIA, and its credentials committee must hold open meetings in accordance with Pickens.
Watkins, supra at 52 (footnotes omitted).
As noted above, I am neither situated nor authorized to determine whether the UACCH Board of Visitors is a "governing" or "advisory" body either in practice or under the terms of the 1966 merger agreement (which was not attached to your request). I can and will opine, however, that if the Board of Visitors has been charged with governing authority, whether by delegation or in UACCH's charter documents, it must abide by the open-meetings requirement of the FOIA. Moreover, I believe the FOIA will clearly apply if as a matter of practice the University of Arkansas Board of Trustees automatically accepts the UACCH Board of Visitors' recommendations regarding the conduct of UACCH affairs. See Ark. Ops. Att'y Gen. Nos. 2000-260; 99-407; 98-169; 92-241; and 91-288.
Question 4: Generally, under North Central Association of Colleges andSchools v. Troutt Brothers, Inc., d/b/a The Jonesboro Sun, 261 Ark. 378,548 S.W.2d 825 (1977), organizations operating in part with public fundsare subject to the requirement of the FOIA. Does the public fundingsupport of the operations of the University of Arkansas Community Collegeat Hope require that its Board of Visitors be subject to the requirementsof the FOIA?
Troutt Brothers stands for the proposition that even private organizations operating with public funds are subject to the FOIA. I do not believe this case bears directly on your question, since UACCH is indisputably a public entity.
The answer to your question as posed is "yes" as to records. It does not necessarily follow, however, that Board of Visitors meetings must be publicly held and/or announced. As indicated in my response to your first question, the operative inquiry in determining whether a particular meeting within an organization subject to the FOIA must be openly conducted is whether the meeting is one of the organization's "governing body" — i.e., whether the convening body has decision-making authority. As noted above, any inquiry into the Board of Visitors' decision-making power will necessarily be factual in nature and as such is beyond my power and ability to conduct. Moreover, as previously noted, any such meeting need be announced only to parties who have requested notice.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
Enclosure