The Honorable Steve Faris State Senator 29476 Highway 67 Malvern, AR 72104
Dear Senator Faris:
I am writing in response to your request, on behalf of the Mountain Journal, for an opinion on the following questions:
 1. Can a county quorum court hold a `special meeting' without giving proper notice to the justices of the peace?
 2. Can a county quorum court hold a `special meeting' without providing adequate notice to all press requesting to be notified of the meetings?
 3. If one of three media outlets was in attendance at a regular quorum court committee meeting when a justice of the peace announced a `special meeting' of the full quorum court, was the quorum court obligated, under the FOIA, to notify the other two media outlets about the `special meeting'?
 4. Generally speaking, are `special meetings' in violation of the FOIA when the media is not notified?
 5. Are ordinances approved, at a `special meeting' in which the media is not notified, null and void?
RESPONSE
It is my opinion that the answer to your first question is in all likelihood "no," as a general matter. In determining what constitutes "proper notice," however, reference must be made to A.C.A. § 14-14-904
(Supp. 2001). It is my opinion that the answer to your second question is "no" if the press that has requested notice is in fact entitled to notice of the special meeting under the Arkansas Freedom of Information Act ("FOIA"), which requires that notice of such meetings be provided to news media located in the county who have requested it, and to news media located elsewhere who cover regular meetings and who have requested it.See A.C.A. § 25-19-106(b)(2) (Supp. 2002). With regard to your third question, if the "special meeting" was properly called, then the answer is "yes" if the particular media outlets in question are entitled to notice under § 25-19-106(b)(2). The answer to your fourth question is, generally, "yes," if in fact the media was not properly notified and had requested such notice. It is my opinion that the answer to your final question is "no." Ordinances that are approved at a meeting held in violation of the FOIA are not automatically void as a result of the violation.
Question 1 — Can a county quorum court hold a `special meeting' withoutgiving proper notice to the justices of the peace?
The answer to this question is, generally, "no," in my opinion. Cf. Adamsv. Sims, 238 Ark. 696, 700, 385 S.W.2d 13 (1964) (noting previous holdings to the effect that the proceedings of special meetings of city councils are valid and legal if all the members had notice and there was a sufficient number present to transact business). With regard to the notice that is required, A.C.A. § 14-14-904(c) provides as follows:
 SPECIAL MEETINGS OF QUORUM COURT. The county judge or a majority of the elected justices may call a special meeting of the quorum court upon at least twenty-four (24) hours' notice in such manner as may be prescribed by local ordinance. In the absence of procedural rules, the county judge or a majority of the elected justices may call a special meeting of the quorum court upon written notification of all members not less than two (2) calendar days prior to the calendar day fixed for the time of the meeting. The notice of special meeting shall specify the subjects, date, time, and designated location of the special meeting.
Any local procedural rules must thus first be consulted in determining whether there has in fact been a failure of "proper notice" to members of the quorum court. In the absence of a governing ordinance, § 14-14-904(c) requires two days' written notice to all members.
Question 2 — Can a county quorum court hold a `special meeting' withoutproviding adequate notice to all press requesting to be notified of themeetings?
Assuming that the members of the press who have requested notice are in fact entitled to notice of special meetings under A.C.A. §25-19-106(b)(2) (Supp. 2002), then it is my opinion that the answer to this question is "no." This FOIA provision establishes notice requirements with respect to emergency or special meetings of governing bodies as follows:
 In the event of emergency or special meetings, the person calling the meeting shall notify the representatives of the newspapers, radio stations, and television stations, if any, located in the county in which the meeting is to be held and any news media located elsewhere which cover regular meetings of the governing body and which have requested to be so notified of emergency or special meetings of the time, place, and date of the meeting. Notification shall be made at least two (2) hours before the meeting takes place in order that the public shall have representatives at the meeting.
According to this provision, therefore, at least two hours' notice of special meetings must be provided to news media located in the county who have requested it, and to news media located elsewhere who cover regular meetings and who have requested it. Thus, notice is not required if it has not been requested. Elmore v. Burke, 337 Ark. 235, 987 S.W.2d 730
(1999). It should be noted, however, that the mere fact that notice has been requested will not alone suffice in the case of press located outside the county. Section 25-19-106(b)(2) requires that in addition to requesting notice, news media located outside the county must also cover regular meetings in order to be entitled to notice of special meetings.
Question 3 — If one of three media outlets was in attendance at a regularquorum court committee meeting when a justice of the peace announced a`special meeting' of the full quorum court, was the quorum courtobligated, under the FOIA, to notify the other two media outlets aboutthe `special meeting'?
I am somewhat uncertain as an initial matter regarding the announcement of the "special meeting." The procedure for calling a special meeting of the quorum court is governed by A.C.A. § 14-14-904(c), supra. As you can see, a special meeting may be called by either the county judge or by a majority of the justices of the peace. With regard to your particular question, therefore, assuming that the meeting at issue was properly called in accordance with § 14-14-904(c), then it is my opinion that the answer is "yes" if the other media outlets were entitled to notice pursuant to A.C.A. § 25-19-106(b)(2). As noted in response to your second question, notice is not required if it has not been requested. Additionally, news media located outside the county must also cover regular meetings in order to be entitled to notice of special meetings.Id.
Question 4 — Generally speaking, are `special meetings' in violation ofthe FOIA when the media is not notified?
"Yes," if the notice requirements in A.C.A. § 25-19-106(b)(6), supra, are not followed.
Question 5 — Are ordinances approved, at a `special meeting' in which themedia is not notified, null and void?
It appears that the answer to this question is "no." Although the FOIA does not specifically address such a situation, the Arkansas Supreme Court held in Rehab Hosp. Serv. v. Delta-Hills Health Sys. Inc.,285 Ark. 397, 687 S.W.2d 840 (1985), that citizens may petition the court for a declaratory judgment that the actions taken at a meeting held in violation of the FOIA are invalid. In order to do so, however, the citizens must first exhaust their administrative remedies by allowing the board an opportunity to hold the meeting properly.
It thus appears that failure to provide notice will not automatically invalidate decisions and other actions taken by a quorum court at a special meeting. Citizens who are aggrieved by a violation of the FOIA can petition the circuit court for relief, after having exhausted their administrative remedies by allowing the quorum court an opportunity to correct its violation.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh